Ben F. Roberts, of Shreveport, La., Robert H. Wimberly, of Arcadia, La., and Daily & Woods, of Fort Smith, Ark., for petitioner.

Clinton R. Barry, U. S. Atty., and Thomas C. Pitts, Asst. U. S. Atty., both of Fort Smith, Ark., and George Red, of Dallas, Tex., and Wilbur P. Kramer, of Camp Chaffee, Ark., for respondent.

**UNITED STATES ex rel. WOODARD v. DEAHL, Commanding Officer, Camp Chaffee, Ark.**

**Civ. No. 518.**

District Court, W. D. Arkansas, Fort Smith Division.

May 25, 1945.

MILLER, District Judge.

The petitioner has given notice of appeal from the judgment rendered herein discharging the writ of habeas corpus and dismissing his petition, and he now moves for an order staying the judgment of the court during the pendency of this appeal and fixing the amount of the supersedeas bond.

The learned attorneys for the petitioner have filed a memorandum brief in support of the motion and earnestly contend that the judgment of the court should be stayed pending the appeal. The petitioner argues that unless the judgment of this court discharging the writ is stayed that he will be required to remain in the custody of the respondent or military authorities and be subjected to military training and subject to the orders of the military authorities; that if the writ should be sustained and the judgment of the trial court reversed on appeal, that the judgment of the appellate court would in effect be nugatory.

Section 461, Title 28 U.S.C.A., provides: "The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require."

Reliance is placed upon Section 465, Title 28 U.S.C.A., but an examination of the provisions of this statute convinces the court that it is not applicable to the case now under consideration.

The Supreme Court of the United States has promulgated Rule 45, 28 U.S.C.A. following section 354, 306 U.S. 724. This rule was promulgated under the authority contained in Section 464 of Title 28 U.S.C.A. Section 1 of the rule is as follows: "Pending review of a decision refusing a writ of habeas corpus, the custody of the prisoner shall not be disturbed."

It is true in the instant case that the writ was issued, but such procedure was adopted by the court only as an alternative to the issuance of a rule against the respondent to show cause why a writ should not have been granted, as appears to be the better procedure. Walker v. Johnston, Warden, 312 U.S. 275, 61 S.Ct. 574, 85 L. Ed. 830.

Section 2 of the rule is as follows: "Pending review of a decision discharging a writ of habeas corpus, after it has been issued, the prisoner may be remanded to the custody from which he was taken by the writ, or detained in any other appropriate custody, or enlarged upon recognizance with surety, as to the court or judge rendering the decision may appear fitting in the circumstances of the particular case."

Rule 23 of the Rules of the United States Circuit Court for the Eighth Circuit is very similar to Rule 45 of the Supreme Court of the United States. If the court should grant a supersedeas and stay the operation of its judgment herein, it would be tantamount to sustaining the writ and the petitioner would be relieved of service in the armed forces pending the appeal, notwithstanding the judgment of the court that the petitioner was legally inducted into the armed forces of the United States. In other words, the petitioner could obtain the same relief by granting a supersedeas as he would have obtained had the writ been sustained. It has been suggested by learned counsel for petitioner that the judgment of the court could be superseded to the extent necessary to retain the custody of the petitioner in the commanding officer at Camp Chaffee where he is now located. The court does not think such a suggestion is feasible or practicable and does not seem to be authorized by law. To enter such an order would be equivalent to entering an injunction against the removal of the petitioner from Camp Chaffee, notwithstanding the exigencies of war might require his removal elsewhere by the military authorities.

In Ex parte Endo, 323 U.S. 283–306, 307, 65 S.Ct. 208, 220, the court said: "The statute upon which the jurisdiction of the District Court in habeas corpus proceedings rests (Rev.Stat. § 752, 28 U.S.C. § 452, 28 U.S.C.A. § 452) gives it power 'to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty.' That objective may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court. That end may be served and the decree of the court made effective if a respondent who has custody of the prisoner is within reach of the court's process even though the prisoner has been removed from the district since the suit was begun."

The court should not undertake to invade jurisdiction of the military authorities, and it is apparent that the court should not permit the release of the petitioner upon bond pending an appeal.

Therefore, an order is being entered overruling the motion and the exception of the petitioner is being noted.