UNITED STATES of America ex rel. Linwood A. WATKINS, RA 34 468 980, Pvt., United States Army, Relator,

v.

N. H. VISSERING, 041603, Major General, United States Army, Commanding Officer, United States Army Transportation Training Command, Fort Eustis, Virginia, Respondent.

Misc. No. 722.

United States District Court
E. D. Virginia,
Newport News Division.

June 10, 1960.

Wm. McL. Ferguson, Newport News, Va., W. Robert Phelps, Jr., Denbigh, Va., for relator.

Robert T. S. Colby, Asst. U. S. Atty., Norfolk, Va., Peter S. Wondolowski, Lt. Col., JAGC, Washington, D. C., for respondent.

HOFFMAN, District Judge.

The relator, Watkins, while a sergeant in the United States Army, stationed at Fort Eustis, Virginia, was charged with two counts of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, alleged to have been committed on the government reservation. The charges were filed on February 17, 1960, but the trial by general court-martial was twice continued at the request of defense counsel. On April 27, 1960, the aforesaid court found the relator guilty under both charges. He was sentenced to be discharged from the service with a dishonorable discharge and confined at hard labor for a period of three years, with total forfeiture of all pay and allowances and reduced to the lowest enlisted grade.

A petition for writ of habeas corpus was filed in this court on April 29, 1960, in which the relator attacks the constitutionality of the Uniform Code of Military Justice. The same issues were raised before the general court-martial and determined adversely to petitioner. The record of the trial is now in the process of being transcribed. Pursuant to the provisions of 10 U.S.C. § 860 et seq., an appellate review in law and in fact will be afforded the petitioner.

Petitioner relies upon the language of Mr. Justice Black in Reid v. Covert, 354 U.S. 1, at page 38, 77 S.Ct. 1222, at page 1242, 1 L.Ed.2d 1148, in support of his theory that the doctrine of separation of powers precludes the establishment of military courts comprised of military personnel to try petitioner for his alleged crimes. The specific wording is:

**530**

"Moreover, it has not yet been definitely established to what extent the President, as Commander-in-Chief of the armed forces, or his delegates, can promulgate, supplement or change substantive military law as well as the procedures of military courts in time of peace, or in time of war. In any event, Congress has given the President broad discretion to provide the rules governing military trials."

The relator would have this court conclude that the quoted language renders unconstitutional the composition of such military courts. While the words are those of warning, they in no sense suggest that the entire Uniform Code of Military Justice is unconstitutional. The Supreme Court has had ample opportunity to pass upon this question, and the cases are legion supporting the validity of such proceedings.

■ Moreover, it is abundantly clear that the petitioner must exhaust the appellate procedures made available to him before testing this question by way of habeas corpus. The same questions now presented are appropriate for consideration by the Board of Review and the United States Court of Military Appeals, the latter being composed of persons not sworn to obey the commands of the President. Clearly, there is no present jurisdiction to consider the merits of petitioner's argument where he has failed to exhaust all available military remedies.

■ This brings us to a consideration of petitioner's contention that he is entitled to bail pending appeal. Assuming, without deciding, that this question is appropriate in this proceeding, the Eighth Amendment is not applicable to military personnel, and bail is wholly unknown to the military law and practice. 72 Harv.Law Rev. 266, 284, 285; United States ex rel. Woodard v. Deahl, D.C. W.D.Ark., 60 F.Supp. 666; 29 Temple Law Quarterly, 1, 5; United States v. Bayhand, 6 U.S.C.M.A. 762, 21 C.M.R. 84 (1956). Indeed, there are many constitutional rights available to civilians which, for obvious reasons, are not applicable to military personnel. An extended discussion of this subject is unnecessary.

The order to show cause is discharged; the petition for writ of habeas corpus is dismissed; the petitioner's request for bail is denied and he is remanded to the custody of the respondent.