HOWARD BRETT LEVY, Captain,
U. S. Army, Petitioner

v

STANLEY R. RESOR, Secretary of the Army;

GINES PEREZ, Major General, Commanding General,
Fort Jackson, South Carolina;

E. B. ROBERTS, Brigadier General, Acting Commander,
Fort Jackson, South Carolina;

JODE WILSON, Lieutenant Colonel, Provost Marshal,
Fort Jackson, South Carolina;

CHARLES JACKSON, Second Lieutenant, Confinement Officer,
Fort Jackson, South Carolina, Respondents

17 USCMA 135, 37 CMR 399

Miscellaneous Docket No. 67–9

July 7, 1967

*Charles Morgan, Jr., Esquire,* argued the cause for Petitioner. With him on the brief were *Laughlin McDonald, Esquire, Anthony G. Amsterdam, Esquire, Alan H. Levine, Esquire, Mrs. Eleanor H. Norton, Melvin L. Wulf, Esquire, Captain Charles M. Sanders, Jr.,* and *Captain Walter Jones.*

*Captain L. Dean Moore* argued the cause for Respondents. With him on the brief was *Lieutenant Colonel David Rarick.*

## Opinion of the Court

PER CURIAM:

Petitioner was arraigned before a general court-martial convened at Fort Jackson, South Carolina, charged with disobedience of an order of a superior officer, promoting disloyalty among the troops, and making intemperate, defamatory, provoking, and disloyal statements to enlisted personnel, in violation of Articles 90, 134, and 133, Uniform Code of Military Justice, 10 USC §§ 890, 934, and 933, respectively. He was convicted as charged and sentenced to be dismissed from the service, total forfeitures, and to confinement at hard labor for three years. Pursuant to the judgment and sentence, the petitioner is being detained in the United States Army Hospital at Fort Jackson, awaiting action by the convening authority under Article 64 of the Code, supra, 10 USC § 864.

136

On June 20, 1967, counsel for Captain Levy filed with this Court a Petition for Writ of Habeas Corpus, or, in the alternative, bail pending appeal, or, in the alternative, Relief in the Nature of Mandamus, or, in the alternative, such other further or different and appropriate relief as may be required. In its brief, counsel alleges that the petitioner's continued confinement pending final disposition of his appeal is unlawful and unconstitutional because it is in violation of (a) Manual for Courts-Martial, United States, 1951, paragraph 21*d*; (b) the Due Process clause of the Fifth Amendment to the Constitution of the United States; (c) the execessive bail provision of the Eighth Amendment; (d) Rule 46(a) (2), Federal Rules of Criminal Procedure; and (e) the First Amendment to the Constitution.

Petitioner seeks the issuance of writs of *habeas corpus* or *mandamus*. In a proper case, this Court has ■■■■■■■ ■ the authority to issue such writs. United States v Frischholz, 16 USCMA 150, 36 CMR 306. The former would test the legality of petitioner's restraint, while the latter is addressed to the enforcement of that judgment and discretion which a public officer, duty bound in law, has failed to exercise. Since the question involved in both of these writs concerns the granting of bail, or release from confinement without bail, pending appeal, also sought by the petitioner, our decision necessarily will be dictated by the answer to the question whether bail is available to a military prisoner.

In tracing the history of bail in the United States, we quite naturally begin with the Eighth Amendment to the Constitution of the United States, which provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

In Carlson v Landon, 342 US 524, 545, 96 L ed 547, 563, 72 S Ct 525 (1952), the Supreme Court of the United States observed:

"The bail clause [of the Eighth Amendment] was lifted with slight changes from the English Bill of Rights Act. [1 Wm. & Mary II, ch 2, § 1(10).] In England that clause has never been thought to accord a right to bail in all cases [Petersdorff, on Bail, 483 *et seq.*], but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail. When this clause was carried over into our Bill of Rights, nothing was said that indicated any different concept. [1 Annals of Congress 753.] The Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country. Thus in criminal cases bail is not compulsory where the punishment may be death. [1 Stat 73, 91, § 33; Rules of Criminal Procedure, 46(a).] Indeed, the very language of the Amendment fails to say all arrests must be bailable."

And in Stack v Boyle, 342 US 1, 4, 96 L ed 3, 6, 72 S Ct 1 (1951), the court said:

". . . From the passage of the Judiciary Act of 1789, 1 Stat 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46(a)(1), federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. This traditional right to freedom *before conviction* permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment *prior to conviction.* See Hudson v Parker, 156 US 277, 285, 39 L ed 424, 426, 15 S Ct 450 (1895). Unless this right to bail *before trial* is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." [Emphasis supplied.]

It is clear, from the interpretation placed upon it by the Supreme Court, ■■■■■■ ■ that the excessive bail provision of the Eighth Amendment, taken from the English Bill of Rights, was concerned only with the right to bail *prior to conviction.* That the English Bill of Rights was also so limited is borne

**137**

out by the following statement from Blackstone in his Commentaries on the Laws of England, Book IV, Chapter 22, Of Commitment and Bail, at page 295:

"Let us next see, who may *not* be admitted to bail, or, what offences are *not* bailable. And here I shall not consider any one of those cases in which bail is ousted by statute, from prisoners *convicted* of particular offences; for then such imprisonment without bail is part of their sentence and punishment."

The First Congress, by enacting the Judiciary Act, 1 Stat 73 (1789), established the Judicial Courts of the United States and the rules under which they were to operate. With reference to the granting of bail, the Act provides:

". . . And upon all arrests in criminal cases [for any crime or offense against the United States], bail shall be admitted, except where the punishment may be death, in which cases it shall not be admitted but by the supreme or a circuit court. . . ." [1 Stat 73, 91.]

The Act is silent with regard to bail after conviction.

The Supreme Court, organized under the Judiciary Act, subsequently adopted specific rules for practice and procedure in courts of the United States. In that connection, the Circuit Court for the Northern District of Florida, in Ex parte Harlan, 180 Fed 119, 135 (1909), (affirmed 218 US 442, 54 L ed 1101, 31 S Ct 44), stated with reference to bail:

"Supreme Court rule 34 (29 Sup. Ct. xxi) as to bail, when a writ of habeas corpus has issued and been discharged, leaves the bailing of the prisoner pending appeal entirely within the discretion of the court which issued the writ. *It is needless to say that there is no constitutional right to bail in any case, after conviction.* After all that has been said and written on the subject, the only rule which can be deduced from the authorities is that bail should be granted or denied as best effects exact justice between the government and the defendant according to the character and urgencies of the instant case, determined in the light of the principles of the common law as affected by the enactments of Congress." [Emphasis supplied.]

See also the Annotations in 19 ALR 807 and 77 ALR 1235, "Constitutional right to bail pending appeal from conviction," for additional authority, both State and Federal, in support of the proposition that the right to bail after conviction is not a matter of constitutional right.

By authority of Congress, Act of June 29, 1940, 54 Stat 688, the Supreme Court was given specific authority to prescribe rules of pleading, practice, and procedure in criminal courts of the United States. Rule 46 pertains to bail. As originally enacted, Rule 46 (a)(2) of the Federal Rules of Criminal Procedure provided in pertinent part:

"Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court."

This was substantially a restatement of the previously promulgated Rule VI of the Supreme Court Rules of Practice and Procedure in Criminal Cases.

Rule 46(a)(2) was amended in 1956 and the present rule reads:

"Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay."

Justice Frankfurter in speaking of the change in the rule observed:

"Obviously, as the Government recognizes, the amendment has greatly liberalized the basis for admission to bail in the federal courts pending an appeal from conviction.

.    .    .    .    .    .

". . . I think the Government is right in saying that the granting of bail is called for more readily under the new standard than it was under the old concept of 'substantial question.' It is also right in indicating that the new Rule effectuates a shift from putting the burden on the convicted defendant to establish eligibil-

ity for bail, to requiring the Government to persuade the trial judge that the minimum standards for allowing bail have not been met." [Ward v United States, 1 L ed 2d 25, 76 S Ct 1063 (1956) ; Annotated at 1 L ed 2d 1564, Right to bail before conviction or upon review thereof, under Federal Criminal Procedure Rule 46(a) (1) and (2).]

It is apparent, therefore, that if a military prisoner is entitled to bail, the burden is on the Government to show why it should not be granted.

In an earlier annotation entitled "Bail pending appeal from conviction," 45 ALR 458, covering Federal cases, the majority of the States, as well as England and Canada, it is stated that:

"Under the common law bail pending an appeal from a conviction was not a matter of right. Rex v Wilkes (1770) 4 Burr. 2527, 98 Eng. Reprint, 327; Rex v Waddington (1800) 1 East, 143, 102 Eng. Reprint, 56. And see the various American cases cited throughout this annotation for dicta to the same effect.

"But generally in the United States, and even to some extent in England, bail pending an appeal from a conviction seems to be a creature of statute." [*Ibid.*, at page 459.]

Having established that the right to bail pending appeal from conviction is not of constitutional dimensions but statutory only, we must look to the statutory law and the rules of procedure governing the military to determine whether the appellant should prevail in his petition.

At the present time, courts-martial are governed by the provisions of the Uniform Code of Military Justice, 10 USC §§ 801 to 940. As recently as United States v Gallagher, 15 USCMA 391, 35 CMR 363, we had occasion to trace military law from its inception prior to the adoption of the Constitution to the present, and the same need not be repeated here. Suffice to say that the First Congress specifically provided, "That the said troops shall be governed by the rules and articles of war which have been established by the United States in Congress assembled, or by such rules and articles of war, as may hereafter by law be established." Act of September 29, 1789, 1 Stat 95, 96. We have not found, nor has any instance been called to our attention, wherein the guarantees of bail, existing in the civilian jurisdictions, have been extended to military personnel, sentenced to confinement pursuant to conviction by courts-martial, either by statute, rule or regulation promulgated by the President, or judicial decision. As we stated in United States v Hangsleben, 8 USCMA 320, 323, 24 CMR 130, "in the military bail is not available." Cf. United States v Bayhand, 6 USCMA 762, 21 CMR 84.

Federal courts have also recognized the absence of the right to bail pending appeal from a conviction by courts-martial. In United States v Vissering, 184 F Supp 529, 530 (ED Va) (1960), that court stated:

". . . the Eighth Amendment is not applicable to military personnel, and bail is wholly unknown to the military law and practice. 72 Harv. Law Rev. 266, 284, 285; United States ex rel. Woodard v Deahl, D.C. W.D. Ark., 60 F Supp 666; 29 Temple Law Quarterly, 1, 5; United States v Bayhand, 6 U.S.C.M.A. 762, 21 C.M.R. 84 (1956)."

Civilian statutes, on occasion, are not intended to apply to the military. Pertinent to the problem at hand is the Bail Reform Act of 1966, 80 Stat 214, 18 USC § 3146, *et seq.* This Act sets forth the current guidelines to be followed by the Federal courts in determining whether an accused should be released pending appellate review, and specifically excludes courts-martial from its provisions. 18 USC § 3152 (2).

Similar to its grant of authority to the Supreme Court to prescribe rules of practice and procedure in Federal civilian cases, which have the force of statutory law, the Congress, by Article 36 of the Code, supra, 10 USC § 836, granted to the President the parallel power to make such rules for the military courts. By virtue of this author-

ity, the President prescribed by Executive Order 10214 of February 8, 1951, the "Manual for Courts-Martial, United States, 1951." The rules contained therein are similar to, and in some instances identical with, those of the Supreme Court. See United States v Smith, 13 USCMA 105, 32 CMR 105. No express provision respecting bail is found therein. However, paragraph 21*d* of the Manual, in essence a parallel provision to Rule 46(a)(2), supra, called to our attention by the appellant, provides:

"**Responsibility for restraint after trial.**—Upon notification from a trial counsel of the result of a trial (44*e* (2)), a commanding officer will take prompt and appropriate action with respect to the restraint of the person tried. Such action, depending on the circumstances, may involve the immediate release of the person from any restraint, or the imposition of any necessary restraint pending final action on the case."

While it seems more likely that that portion of the paragraph relating to "the immediate release of the person from any restraint" applies to those accused who have been acquitted by judgment of the court (see paragraph 22), we will assume that it also applies to convicted persons awaiting final action. Had the President intended to institute a system of bail for the military, it being within his power to do so, it seems evident this would have been the logical point at which it would have been provided. Not having done so, we will not speculate as to his reasons therefor.

Congress is apparently aware of this omission for, as noted, it specifically excluded courts-martial from the provisions of the Bail Reform Act. We are informed by Government counsel that this was a considered action. In its brief it states:

"In 1965, the House of Representatives and the Senate developed parallel bills on bail reform, H.R. 10195 and S. 1357. The Senate bill excluded all military tribunals and the House bill did not. The Attorney General of the United States brought this difference to the attention of the House Judiciary Committee. In 1966, the House accepted the Senate version and the bill was enacted with the express provision for the exclusion of all military tribunals (See Senate Report No. 750, 16 September 1965 and House Report No. 1541, 18 May 1966)."

The absence of a specific provision for bail does not fully answer the question for paragraph 21*d* of the Manual, supra, reposes in the commanding officer a discretion in dealing with a convicted prisoner—he may release him on his own recognizance—similar to that reserved to the civilian courts under Rule 46(a)(2). Each case must be decided on its own merits and only where there is a showing of an abuse of discretion will the judgment be reversed. As noted in United States v Williams, 253 F2d 144, 148 (CA7th Cir) (1958):

"It is obvious that where there is no showing that the appeal is frivolous or taken for delay, and under the plain language of the Rule that bail *may* be allowed, there are some cases where, under the facts, the court is allowed to exercise some discretion in passing upon such a motion as before us here."

The character and extent of a series of offenses afford a proper basis for the exercise of discretionary power to deny bail under Rule 46(a)(2). United States v Wilson, 257 F2d 796 (CA2d Cir) (1958). In accord, see additional citations in note 49 (Discretion of the court) to Rule 46, 18 U. S. Code Annotated.

In the case at bar the petitioner was placed not in a military stockade, with other convicted prisoners, but in a hospital room on the base, albeit under guard. In its brief, counsel alleged that the petitioner was subjected to harassment by the light in his room being on constantly and by the fact that his guard followed him whenever he left the room to use the toilet facilities. We were told at the time of oral argument, however, that these indignities have now been removed.

Under the facts of this case and in light of the circumstances of the petitioner's present confinement, we do not find an abuse of discretion on the part of the commanding officer in refusing to release the petitioner from confinement under paragraph 21d, supra.

We are also urged by counsel to hold the petitioner's confinement illegal under the due process clause of the Fifth Amendment, "because other officers, except those convicted of heinous crimes, are not confined pending appeal"; and under the First Amendment, "because it has had and will have the effect of deterring others from exercising their constitutionally ordained rights of free expression and association." For the purpose of this petition, we find the arguments on these issues unpersuasive.

Accordingly, the petition for writs of *habeas corpus* or *mandamus* is denied. And, in accord with our comments above, petitioner's request for bail, or release without bail, is also denied.