CHARLES R. HORNER, Private, U. S. Army, Petitioner

v

Honorable STANLEY R. RESOR, Secretary of the Army,
and
JOHN C. TILLSON, III, Major General, Commanding General,
Fort Gordon, Georgia, Respondents

19 USCMA 285, 41 CMR 285

## Memorandum Opinion of the Court

Peter E. Rindskopf, Esquire, Captain Clarence E. Knight, and First Lieutenant David Ross Rosenfeld have submitted a Petition for a Writ of Habeas Corpus on behalf of Private Charles R. Horner, hereinafter referred to as the petitioner.

The petition alleges that on or about January 15, 1970, petitioner was confined at the Post Center Stockade, Fort Gordon, Georgia, pending trial by special court-martial upon charges involving utterances allegedly made with intent to promote disloyalty and disaffection among troops.

It is urged that such confinement is illegal because:

(1) It was made because of the seriousness of the offenses charged —a basis negated by the fact that trial by special court-martial has been directed;

(2) It was ordered (a) as punishment for exercising the right of speech, assembly, association, and petition; and (b) for the purpose of unlawfully and unconstitutionally suppressing the exercise of these rights.

(3) It represents a denial of pretrial release guaranteed by the Eighth Amendment to the Constitution of the United States; and

(4) It denies petitioner equal protection of the law, inasmuch as "in some cases more notorious military defendants such as LT Calley, have not been placed in pre-trial confinement, dispite [sic] the fact that he faces over one hundred charges for murder."

Applications for release were submitted to the convening authority and to the officer exercising general court-martial jurisdiction, and each was denied.

In United States v Bayhand, 6 USCMA 762, 21 CMR 84 (1956), this Court held that "in the military bail is not available," a circumstance also recognized by civil courts. See United States v Vissering, 184 F Supp 529, 530 (ED Va) (1960). The matter of restraint prior to trial by court-martial is governed by Article 13, Uniform Code of Military Justice, 10 USC § 813, providing, in pertinent part:

". . . [N]o person, while being held for trial or the result of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence. . . ."

The type of restraint, if any, to be imposed upon an accused prior to trial presents a question for resolution by the commanding officer, in the exercise of his sound discretion. His decision will not be reversed in the absence of a showing of an abuse of discretion. See Levy v Resor, 17 USCMA 135, 37 CMR 399 (1967).

In the instant case, that discretion was exercised in favor of pretrial confinement, and the decision was adhered to when challenged. Moreover, the officer exercising general court-martial jurisdiction found no abuse of discre-

tion. These determinations appear sound. Our holding in United States v Bayhand, supra, is dispositive on that point. There we said:

". . . It must be remembered that the only valid ground for ordering confinement prior to trial is to insure the continued presence of the accused, as where he has earlier indicated that his obligation to remain with his unit weighs lightly with him, or where the seriousness of the offense alleged is likely to tempt him to take leave of his surroundings."

Reference of the charges against petitioner to a special court-martial does not negate their serious nature. A special court-martial is authorized to impose a penalty of bad-conduct discharge, confinement at hard labor for six months, and forfeiture of two-thirds pay per month for a like period. Article 19, Uniform Code, supra, 10 USC § 819. Considering the permanent effects of a punitive discharge upon an individual's future, the possibility of such a penalty may never be lightly considered. See United States v Johnson, 12 USCMA 640, 31 CMR 226 (1962).

Whether confinement was ordered because of petitioner's exercise of the rights of speech, assembly, association, and petition, is a matter of defense to the charges against him and is to be determined at the trial.

We deem petitioner's allegations relative to equal protection of the law patently frivolous.

Apart from the foregoing considerations are more fundamental principles applicable to all petitions for extraordinary relief filed pursuant to the All Writs Act, 28 USC § 1651 (a), which provides:

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Construing these provisions in Hallinan v Commanding Officer R. S. Lamont, Miscellaneous Docket No. 68–20, December 27, 1968, 18 USCMA 652, we declared:

". . . [T]he relief contemplated by the All Writs Act and that sought by the petitioner is extraordinary in nature, and petitioner is required to demonstrate that the ordinary course of the proceedings against the prisoners through trial and appellate channels is not adequate. Gale v United States, . . . [17 USCMA 40, 37 CMR 304]; United States v Knudsen, 4 USCMA 587, 16 CMR 161. Moreover, it must further appear that the conduct of [the] stockade and the actions of the confinement officials tend to deprive this Court of jurisdiction to review the cases of the prisoners involved in accordance with Article 67 of the Code, supra.

.    .    .    .    .

"Harassment or oppression of a prisoner prior to trial resulting in the denial of the right to a speedy trial, the improper procurement of a confession, the impeding of proper preparation for trial, or otherwise denying due process of law may be remedied by appropriate motions submitted at the trial level. United States v Brown, 10 USCMA 498, 28 CMR 64; United States v West, 12 USCMA 670, 31 CMR 256; United States v Broy, 14 USCMA 419, 34 CMR 199; United States v O'Such, 16 USCMA 537, 37 CMR 157; Gale v United States, supra."

Since no basis is presented by petitioner warranting the invocation of this Court's powers conferred by the All Writs Act, supra, the petition is denied.