SAMUEL G. GREEN, JR., Private First Class, U. S. Marine Corps, Petitioner

v

J. C. WYLIE, Rear Admiral, U. S. Navy, Commandant, First Naval District, Officer Exercising General Court-Martial Jurisdiction, Boston, Massachusetts, Respondent

20 USCMA 391, 43 CMR 231

*James A. Chiara, Esquire,* counsel for Petitioner.

## Memorandum Opinion of the Court

In his Petition for Extraordinary Relief, petitioner seeks an order of this Court directing the respondent to suspend or to defer service of his sentence to confinement pending completion of appellate review thereof. It appears that petitioner is presently confined at the United States Naval Disciplinary Command, Portsmouth, New Hampshire, under a sentence imposed by a general court-martial, as modified by the convening authority, of dishonorable discharge, total forfeitures, confinement at hard labor for one year, and reduction to Private E–1. His case is pending before the United States Navy Court of Military Review pursuant to Article 66, Uniform Code of Military Justice, 10 USC § 866.

Respondent has denied petitioner's application for suspension or deferment of the confinement, setting forth his reasons as follows:

". . . Considering charges of incorrigibility, truancy, and being a runaway, brought against petitioner in his childhood by each of his parents, his failure to adjust to civilian probation resulting in his being committed to the permanent care of Ohio State authorities and his apparent past history of drug abuse and treatment thereof, I conclude that petitioner, if released, may flee in order to avoid serving the unserved portion of his sentence."

It is contended that this action violates petitioner's right to bail under the Eighth Amendment to the Constitution of the United States, the due process Clause of the Fourteenth Amendment, and Article 71(c), Uniform Code, supra, 10 USC § 871(c).

None of the authorities relied upon by the petitioner are applicable. The right to bail pending appeal from a conviction is not of constitutional dimensions but is statutory only, and in the military there is no statutory provision therefor. Levy v Resor, 17 USCMA 135, 37 CMR 399 (1967).

A sentence to confinement imposed by a court-martial begins to run from the date the sentence is adjudged. Article 57(b), Uniform Code, supra, 10 USC § 857(b). Whether or not the accused is placed in confinement upon announcement of the sentence and prior to the order directing its execution, rests in the sound discretion of the appropriate commanding officer. Paragraph 21*d*, Manual for Courts-Martial, United States, 1969 (Revised edition); Levy v Resor, supra. Additionally, the convening authority, upon application by an accused who is under confinement prior to the order directing execution of the sentence, may in his sole discretion defer its service. Article 57(d), Uniform Code, supra, 10 USC § 857(d).

Petitioner declares that the respondent's denial of his application for deferment was predicated upon his juvenile record. Since the statutes of the State of Ohio, where his earlier difficulties arose, provide that such a record may not be used in any judicial proceeding against him, he argues, the respondent's disposition of his application was improper. The prohibition against the use of a juvenile conviction in the course of a trial does not apply to the considerations of a convening authority or subsequent reviewing officials charged with the responsibility of assessing the appropriateness of any penalty imposed by a court-martial. United States v Barrow, 9 USCMA 343, 26 CMR 123

(1958). Petitioner's juvenile involvements occurred in November 1966, December 1967, March 1968, and December 1968, according to documents attached to the petition. These documents adequately sustain the respondent's action denying petitioner's application for deferment and there is no indication of an abuse of discretion. See Levy v Resor, supra.

Petitioner's final contention that his present confinement is violative of Article 71(c), which prohibits execution of a sentence under the circumstances of this case until completion of appellate review, lacks merit. Reed v Ohman, 19 USCMA 110, 41 CMR 110 (1969).

The petition is dismissed for failure to set forth a ground for the relief requested.