ORAN K. HENDERSON, Colonel,
U. S. Army, Petitioner

v

PETER S. WONDOLOWSKI, Colonel,
Military Judge, Respondent

21 USCMA 63, 44 CMR 117

Miscellaneous Docket No. 71–32

August 20, 1971

*Lieutenant Colonel Frank J. Dorsey,* Counsel for Petitioner.

## Memorandum Opinion of the Court

Charges alleging, inter alia, dereliction of duty, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892, have been preferred against petitioner. A general court-martial to which the charges have been referred is scheduled to convene on August 23, 1971.

It appears from the Petition for Extraordinary Relief, presently under consideration, that petitioner filed a motion to make the specification of the dereliction of duty charge more definite and certain. This motion was briefed and argued by the parties before the military judge of said court-martial (see Article 39(a), Uniform Code, supra, 10 USC § 839(a)). The motion was denied.

Thereafter, petitioner filed a motion for a bill of particulars and it was denied by the military judge.

A petition for writ of mandamus to require the military judge to cause the said specification to be made more definite and certain was submitted to the United States Army Court of Military Review, and was denied by that tribunal.[1]

On August 16, 1971, petitioner submitted an oral motion to the military judge seeking dismissal of the said specification for failure to allege an offense. The motion was taken under advisement by the military judge who declared he would announce his decision thereon on August 23, 1971, the date trial on the merits is scheduled to commence.

Petitioner now files this Petition for Extraordinary Relief seeking:

(1) A writ prohibiting the respondent, military judge, from proceeding with trial as to the specification in question or order it dismissed.

(2) An order directing the specification be made more definite and certain, or, in the alternative, to require respondent to direct the prosecution to provide petitioner with a bill of particulars.

(3) Written briefs and oral arguments by the parties on the issue raised.

It is apparent from the foregoing summary of petitioner's representations that each action he seeks has been made the subject of an appropriate motion in the trial forum and of his petition before the Court of Military Review. The issue is therefore preserved for review at each stage of appellate review required or permitted by the Uniform Code, supra.

The petition sets forth no basis for a conclusion that any action of the military judge or of the Court of Military Review tends to deprive this Court of jurisdiction to review the proceedings in due course, or to provide relief from any error which may, upon such review, be shown to have occurred with respect to the rulings he now challenges (28 USC § 1651(a); Gale v United States, 17 USCMA 40, 37 CMR 304 (1967)).

Accordingly, the petition is dismissed.

---

[1] We express no opinion respecting the applicability of 28 USC § 1651(a) to Courts of Military Review.