MELVIN NEWSOME, Seaman Apprentice, U. S. Navy; BENNIE HALL, Aviation Machinist Mate Third Class, U. S. Navy; TERRY AVINGER, Airman Apprentice, U. S. Navy; JOHN ROWE, Airman Apprentice, U. S. Navy; DONALD RICKS, Airman, U. S. Navy; NELSON MOUTON, Airman Apprentice, U. S. Navy; JAMES JACKSON, Airman Apprentice, U. S. Navy; FRANKLIN ROUNDTREE, Airman Apprentice, U. S. Navy; JAMES ALLEN; CLEVELAND MALLORY, Seamen, U. S. Navy; ROBERT COLEMAN, Seaman Recruit, U. S. Navy; NOEL ANTHONY SMITH, Airman, U. S. Navy; JOHN WAYNE BROWN, Airman Apprentice, U. S. Navy; RONALD GLOVER, Airman Apprentice, U. S. Navy; LAWRENCE TAYLOR WOMMACK, Airman Apprentice, U. S. Navy; ALFONSO BERNARD HUDSON, Seaman Apprentice, U. S. Navy; and DURWARD CLARK DAVIS, Fireman Apprentice, U. S. Navy, Petitioners

v

ROBERT McKENZIE, Captain, U. S. Navy, Commanding Officer, Naval Air Station, North Island, San Diego, California, Respondent

22 USCMA 92, 46 CMR 92

Miscellaneous Docket

No. 72–45

January 3, 1973

Not reported below.

*Nathaniel R. Jones, Esquire, Willard Anthony, Esquire, Clifton Blevins, Esquire, Nathaniel C. Colley, Esquire, Benjamin D. James, Esquire, Dennis P. Kelly, Esquire, Cecil McGriff, Esquire, Milton J. Silverman, Esquire, and J. Francis Pohlhaus, Esquire,* counsel for Petitioners.

## Memorandum Opinion of the Court

This case is before the Court on a "Petition for Relief from Unlawful Pre-Trial Confinement" and a "Motion for Emergency Order to Show Cause Why Writ of Habeas Corpus Should Not Issue."

The petitioners herein are enlisted personnel of the United States Navy, presently in confinement at the Naval Air Station, North Island, San Diego, California. Charges against fifteen of the petitioners arise out of an incident aboard the U.S.S. *Kitty Hawk* on or about October 12, 1972, and have been referred for trial by special court-martial by order of the respondent.

It appears from representations set out in the Motion for Emergency Order, supra, that petitioner Durward Clark Davis has been released from confinement by direction of the Secretary of the Navy. Since the petition seeks only the release of petitioners from pretrial confinement, the action of the Secretary moots the petition insofar as it relates to said Durward Clark Davis.

The petition avers that no charges have been preferred against petitioners Terry Avinger and John Rowe.

Subsequent to the reference of the charges against the petitioners for trial, a hearing was conducted before the military judge pursuant to Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a). Although it appears from the petition that a challenge to the jurisdiction of the court-martial was not sustained, it cannot be determined from the petition whether the issue of the legality of petitioners' pretrial confinement was litigated. Petitioners now contend the pretrial confinement is illegal, for: it violates statutory and decisional law; was unwarranted on the basis relied upon by the respondent, as disclosed to petitioners' counsel; was based, at least in part, upon undisclosed "classified information;" and was unwarranted by the circumstances. They seek an order of this Court directing their release from pretrial confinement.

Chief Judge Darden is of the opinion that the relief sought is not in aid of this Court's jurisdiction. See his dissent in Collier v United States, 19 USCMA 511, 516 *et seq.*, 42 CMR 113, 118 *et seq.* (1970).

Judge Quinn is of the opinion that, with reference to petitioners Terry Avinger and John Rowe, there is no showing that Article 10, Uniform Code, supra, has been violated. See United States v Tibbs, 15 USCMA 350, 354, 35 CMR 322, 326 (1965). With reference to the other petitioners, he is of the opinion that the issues raised by their contentions may more appropriately be presented to and resolved by the military judge of the special court-martial to which the charges have been referred. Hallinan v Lamont, 18 USCMA 652 (1968); Horner v Resor, 19 USCMA 285, 41 CMR 285 (1970). See also Article 39(a), Uniform Code, supra.

Accordingly, the petition and motion are dismissed.

DUNCAN, Judge (dissenting):

I dissent to the dismissal of this petition. I would issue an order requiring the Government to show cause why the petitioners should not be released from pretrial confinement.

Neither the Uniform Code of Military Justice nor the Manual for Courts-Martial, United States, 1969 (Revised edition), invest a military judge with *specific* authority to consider a petition for writ of habeas corpus. Inasmuch as courts-martial, while authorized by legislative enactment, are established by order of military commanders, it may be argued that these courts are not courts established by act of Congress and the officers presiding thereat are not invested with extraordinary judicial powers. But see paragraph 69, "MOTIONS TO GRANT APPROPRIATE

RELIEF," and paragraph 57, "INTER-LOCUTORY QUESTIONS OTHER THAN CHALLENGES," Manual, supra. We need not now decide this question for prior decisions of this Court have established our power to grant this relief under the "All Writs Act." 28 USC § 1651. Levy v Resor, 17 USCMA 135, 37 CMR 399 (1967). See also United States v Frischholz, 16 USCMA 150, 36 CMR 306 (1966); Gale v United States, 17 USCMA 40, 37 CMR 340 (1967). Cf. Henderson v Wondolowski, 21 USCMA 63, 64, 44 CMR 117, 118 (1971), where we expressed at footnote 1, "no opinion respecting the applicability of 28 USC § 1651(a) to Courts of Military Review."

The petitioners aver that their challenge to the jurisdiction of the court-martial was overruled at an Article 39(a) hearing before the military judge. Judge Quinn contends that it cannot be determined from the petition whether the issue of the legality of the petitioners' pretrial confinement was litigated at that hearing. In any event, he is of the opinion that this matter "may more appropriately be presented to and resolved by the military judge of the special court-martial to which charges have been referred." Under the circumstances of this case, I disagree with this view.

The vital purposes of the writ of habeas corpus are to "obtain *immediate relief* from illegal confinement, to liberate those who may be imprisoned without sufficient cause, and to deliver them from unlawful custody." 39 Am Jur 2d, *Habeas Corpus* § 1 (1968) (emphasis supplied). To require petitioners to wait until trial to contest the question of the legality of their pretrial confinement would subvert the very purpose of the writ. Post-conviction relief would be meaningless. As this Court stated in Gale v United States, 17 USCMA 40, 43, 37 CMR 304, 307 (1967):

"We conclude, therefore, that, in an appropriate case, this Court clearly possesses the power to grant relief to an accused prior to the completion of court-martial proceedings against him. To hold otherwise would mean that, in every instance and despite the appearance of prejudicial and oppressive measures, he would have to pursue the lengthy trial of appellate review—perhaps even serving a long term of confinement—before securing ultimate relief. We cannot believe Congress, in revolutionizing military justice and creating for the first time in the armed services a supreme civilian court in the image of the normal Federal judicial system, intended it not to exercise power to grant relief on an extraordinary basis, when the circumstances so require."

As I read Levy v Resor, supra, the decision of the convening authority to order pretrial confinement will be reversed only upon a showing of an abuse of discretion. Petitioners contend that they are being held in confinement in violation of Article 10, Code, supra, 10 USC § 810, and related military documents. On its face the petition is not frivolous or taken for delay, and raises questions which, in my opinion, demand explanation.

If the military judge has the power to grant the requested relief, under his authority to consider motions for appropriate relief (paragraph 69, Manual, supra) as Judge Quinn indicates, it is incumbent upon this Court now to so decide. However, in view of the confinement already served, I believe that this Court should proceed to the heart of the issue and direct the Government to show cause why a writ of habeas corpus should not issue in this case.