RAYMOND G. DeCHAMPLAIN Master Sergeant, U. S. Air Force,
Petitioner

v

JOHN L. McLUCAS, Secretary of the Air Force; HEWITT E.
LOVELACE, Jr., Colonel, U. S. Air Force, Commander, 1840th Air
Base Wing, and; RUSSELL A. STANLEY, Colonel, U. S. Air
Force, Military Judge, Respondents

Miscellaneous Docket No. 73-46

September 5, 1973

*Leonard B. Boudin, Esquire, Victor Rabinowitz, Esquire, Eric M. Lieber-
man, Esquire, Captain Byron D. Baur,* USAF, and *Captain Allessandro J.
Ranciglio,* USAF, counsel for Petitioner.

## MEMORANDUM OPINION OF THE COURT

We reversed petitioner's case because of the use in evidence of an improperly obtained confession. See United States v DeChamplain, 22 USCMA 150, 46 CMR 150 (1973). Subsequently, on May 31, 1973, a rehearing was directed by the convening authority and, on July 16, 1973, Article 39(a) hearings were con- vened by the military judge. In these proceedings, petitioner made a number of motions relating to dismissal of the charges for an alleged denial of speedy trial, the constitutionality of certain charges alleged under Article 134, Uni- form Code of Military Justice, 10 USC § 934, a claimed denial of defense access to certain documents relevant to the prosecution, petitioner's right to a public trial, his entitlement to release from pretrial confinement, and the necessity of a new pretrial investigation and staff judge advocate's advice. These motions were denied.

The petitioner now seeks review on an extraordinary basis of the military judge's rulings, with permission to file an accompanying memorandum of law, the immediate convening of this Court to hear the case, and permission to present oral argument unless the argument would delay our decision.

On its face, the petition does not pres- ent any grounds for extraordinary relief. A petition for extraordinary relief is not a substitute for appeal. United States v Frischholz, 16 USCMA 150, 153, 36 CMR 306, 309 (1966); Henderson v Wondolow- ski, 21 USCMA 63, 44 CMR 117 (1971). There is no basis shown for "a conclu-

sion that any action of the military judge . . . tends to deprive this Court of jurisdiction to review the proceedings in due course, or to provide relief from any error which may, upon such review, be shown to have occurred with respect to the rulings he now challenges." *Id.* at 64, 44 CMR at 118.

The petition is accordingly denied.