JAMES D. WOOD, Technical Sergeant, U. S. Air Force, Petitioner

v

JOHN L. McLUCAS, Secretary of the Air Force; RAY M. COLE, Major General, U. S. Air Force, Commander, 21st Air Force (MAC); ROBERT I. WEBER, Colonel, U. S. Air Force, Commander, 438th Air Base Group (MAC), Respondents

Miscellaneous Docket No. 73-54

October 3, 1973

*Captain Thomas J. Baynham, Jr.,* USAF, and *Captain Joseph E. Orsini,* USAF, counsel for Petitioner.

## MEMORANDUM OPINION OF THE COURT

The present "Petition for Extraordinary Relief: Habeas Corpus" seeks an inquiry by this Court into the legality of petitioner's pretrial confinement, or, in the alternative, an order of this Court directing (1) petitioner's immediate release from confinement, and (2) trial of petitioner upon the pending charges within 10 days.

As the basis for the requested relief, petitioner relies on the following allegations:

On July 21, 1973, agents of the Federal Bureau of Investigation apprehended petitioner in the Borough of Queens, New York City, and a large number of government documents were found in his automobile. On the following day he was released to military authorities and placed in confinement at Fort Dix, New Jersey. Thereafter, charges alleging violations of Air Force regulations and of the United States Code, allegedly committed at Travis Air Force Base, California, were preferred against him.

The offenses charged involve: (1) failure to report a contact with a representative of a foreign government; (2) failure to protect classified material; (3) wrongfully taking classified documents related to national defense; and (4) signing a Document Record and Receipt, knowing it to contain false, fictitious and fraudulent statements.

On August 17, 1973, two additional charges were preferred alleging conspiracy to communicate classified information affecting the security of the United States to an agent of a foreign government, and attempting to communicate such information to an agent of a foreign government in violation of Sections

**22 USCMA 475**

793(e) and 794(a), Title 18, United States Code. The attempts allegedly occurred at the Borough of Queens, New York City, evidently at the time of his apprehension as recited above.

On July 25, 1973, Captain Joseph E. Orsini, his military defense counsel, sought petitioner's release from confinement, contending immediate steps had not been taken to advise petitioner of the specific wrong of which he was accused. Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810. This was denied July 26. It was immediately renewed on the same date, with the same result.

On August 3, 1973, petitioner addressed a written request for release to the Commander, 438th Air Base Group (MAC). He relied principally upon his representations that confinement was not necessary to assure his presence at trial because of his strong family ties, his asthmatic condition most easily cared for at a military installation, and his prior excellent service. When this was denied, he filed a complaint of wrong pursuant to Article 138, UCMJ, 10 U.S.C. § 938, with the Commander, 21st Air Force (MAC). The latter reviewed the complaint and inquired into the circumstances of petitioner's confinement. He concluded:

Based upon all the circumstances in your case and the very serious nature of the charges, it appears that the determination by the McGuire Air Force Base Commander that your pretrial confinement is absolutely necessary to ensure your presence for trial, was neither arbitrary, capricious, nor unsupported by the facts. Accordingly, I have determined that you have not been wronged in this instance and thus redress is not appropriate.

The foregoing ruling was reviewed by the Secretary of the Air Force, who sustained the decision of the Commander, 21st Air Force (MAC).

Article 13, UCMJ, 10 U.S.C. § 813, provides:

[N]o person, while being held for trial or the result of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence.

Construing Article 13, UCMJ, in United States v Bayhand, 6 USCMA 762, 768, 21 CMR 84, 90 (1956), we held that "the only valid ground for ordering confinement prior to trial is to insure the continued presence of the accused."

In Horner v Resor, 19 USCMA 285, 286, 41 CMR 285, 286 (1970), we held:

The type of restraint, if any, to be imposed upon an accused prior to trial presents a question for resolution by the commanding officer, in the exercise of his sound discretion. His decision will not be reversed in the absence of a showing of an abuse of discretion. See Levy v Resor, 17 USCMA 135, 37 CMR 399 (1967).

In the instant case, the serious nature of the offenses charged is patently clear. The penalties for the offenses charged range between confinement at hard labor for 2 years, for each violation of Air Force regulations, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Rev.), to confinement at hard labor for life, 18 U.S.C. § 794(a),[1] with additional penalties which include dishonorable discharge and forfeiture of all pay and allowances.

Consideration of the serious nature of the offenses and the penalties provided therefor led the petitioner's commander to order his confinement to assure his presence at trial, and to adhere to that decision on the three occasions when it was questioned by the petitioner and his counsel. Moreover, when the decision was challenged in a complaint filed pursuant to Article 138, UCMJ, setting forth the grounds upon which petitioner relied, it was sustained by the officer exercising general court-martial jurisdic-

---

[1] Petitioner has been advised that this offense shall be treated as noncapital. See Furman v Georgia, 408 US 238 (1972); cf. United States v French, 10 USCMA 171, 27 CMR 245 (1959).

tion over the air base commander and by the Secretary of the Air Force. Nothing set out in the petition to this Court tends to negate the soundness of the determinations made at these three levels of command.

With respect to petitioner's allegations as to the time within which the present charges have been processed, and to the conditions of his confinement, Hallinan v Lamont, 18 USCMA 652 (1968) is dispositive.

Since no basis for the invocation of this Court's powers under 28 U.S.C. § 1651(a) is presented, the said petition is dismissed.