UNITED STATES, Appellee,

v.

Private (E-2) John OTERO, SSN 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, United States Army, Appellant.

CM 436196.

U. S. Army Court of Military Review.

6 July 1978.

Major Andrew W. Maron, JAGC, argued the cause for appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, and Major Benjamin A. Sims, JAGC.

Captain Richard A. Kirby, JAGC, argued the cause for appellee. With him on the brief were Lieutenant Colonel R. R. Boller, JAGC, and Captain James H. Anderson, JAGC.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant comes before this Court convicted of assault with a dangerous weapon in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. The convening authority approved the sentence of a bad-conduct discharge, confinement at hard labor for four months, forfeiture of all pay and allowances, and reduction to Private E–1. We are reviewing the case pursuant to Article 66, UCMJ.

This case concerns the issue of illegal pretrial confinement. The appellant contends his commander did not follow the stepped-process delineated in *United States v. Heard,* 3 M.J. 14 (C.M.A.1977), in that a lesser form of restraint was not first "tried and . . . found wanting . . ." before confinement was imposed. The confinement, he argues, was thus illegal.[1] Ancillary questions concern the scope of review of the issue at this level and the nature of the hearing and the standard of proof at the trial level.

The appellant was placed in pretrial confinement at the direction of his battalion commander, after making a statement to Army criminal investigators about his involvement in the stabbing of a fellow soldier in barracks. He remained in confinement for 65 days until trial. During that period a military magistrate reviewed appellant's confinement and determined that he should remain confined.

At trial, the appellant raised the issue of illegal pretrial confinement and asked for appropriate sentence relief. In support of his motion, he personally, and his company commander by way of stipulation, testified to the existence of pretrial confinement.

---

1. We are not concerned with a violation of Article 13, UCMJ, by requiring appellant to perform the same work as sentenced prisoners, nor is there any allegation that appellant's pretrial confinement interfered with his preparation for trial.

The Government in response called the battalion commander who made the decision to confine and to continue such confinement during the processing of the case.

The battalion commander testified at length as to the considerations that went into his decisions to confine and to continue confinement. Among the factors were the violent nature of the attack—an unprovoked knifing of the victim in the back; the probability of future violence in the barracks involving the appellant and his friends with the victim and his friends (there had been prior assaults in the particular bay involving appellant); and the likelihood that appellant would flee because of the severity of the penalty for the offense. The commander feared that appellant would hurt others in the barracks where he lived and that he (appellant) would be hurt himself by some of his barracks mates.

The commander considered other alternatives but rejected them as impractical and insufficient to prevent further injury or to insure appellant's presence at trial. From his knowledge of appellant's prior conduct, the commander knew that moral restraint would have absolutely no effect in forestalling violence or in keeping appellant in the command. The commander also concluded that more restrictive conditions short of confinement were either not available to him or not of sufficient certainty to accomplish the goals of preventing further harm and guaranteeing appellant's presence at trial.

2. The Court of Military Appeals has interpreted Article 10, UCMJ, which authorizes confinement only "as circumstances may require" in the light of current thinking on pretrial restraint. To that end the Court embraced certain of the American Bar Association Standards on Pretrial Release. Significantly, those standards do not proscribe pretrial confinement without first going through a stepped process, and Standard 5.9 recognizes that not all defendants will be released initially. *See also* Standard 1.4 of the Model Provision on Preventive Detention, Appendix C to the Standards on Pretrial Release.

3. That the Army no longer permits such a practice is attested to by the magistrate program and the low stockade population.

The appellant argued below and argues again before this Court that there is no flexibility in *Heard,* that less restrictive forms of restraint must first be tried and progressively demonstrated to be insufficient before the ultimate restraint of confinement may be imposed. We think *Heard* requires nothing of the sort. *United States v. Gaskins,* 5 M.J. 772 (A.C.M.R.1978). The position espoused by appellant would mean that at each step of the escalating conditions the appellant would have to flee or assault someone before the final step of pretrial confinement could be imposed. Such a contention fails of its own infeasibility.

We believe the language in *Heard* that:

". . . only when this 'stepped' process of lesser forms of restriction or conditions of release is first tried and proves inadequate, is pretrial confinement 'require[d]' within the meaning of Article 10, UCMJ."

means that a commander must first *consider* the lesser restrictions or conditions and conclude they would be inadequate before he may impose confinement.[2] What the Court of Military Appeals condemns, and properly so, is the practice of putting an accused in the stockade because he is a "pain-in-the-neck" at his unit.[3] Alternatives to confinement must be developed, but when those alternatives are virtually impossible of performance, confinement must be available.[4]

4. There must be interplay between discipline and the court-martial process. They cannot be divorced. A commander has a military mission to perform and if that mission is impaired by the actions of a member of his unit, he should not be required to retain the person in the unit. That does not mean, however, that confinement is the only other choice. A balance must be struck between the constitutional preference for pretrial release on the one hand and the need to protect society and to insure the accused's presence for trial on the other. Military considerations must be weighed in making this decision. *Cf. Courtney v. Williams,* 1 M.J. 267 (C.M.A.1976).

The procedure for resolving the pretrial confinement issue both at trial and on appeal when a magistrate has had a hearing on the question is also contested here. The appellant contends that he should have a complete hearing on the issue in the trial forum, with the Government having the burden of proof; and that this Court should also consider the issue anew.

The Government, on the other hand, contends that where a magistrate has made a judicial determination as to confinement, the trial court will only review that decision for an abuse of discretion. Similarly, the Government asserts that the same standard applies in this Court and that in both instances the appellant has the burden of showing an abuse of discretion by the magistrate.

The Government also argues that, consistent with its abuse of discretion standard, this Court may look at the proceedings of the magistrate to determine whether he abused his discretion. Toward that end the Government offers in evidence before us affidavits and other documents related to the magistrate's proceeding.

As we indicated above, the grounds for and the procedures that must be followed in imposing pretrial confinement were outlined by the Court of Military Appeals in *United States v. Heard, supra.* The question of the legality of the confinement in this case was brought up by the appellant and the trial judge permitted the

issue to be litigated anew in that forum. Although the prior decisions of *Horner v. Resor,* 19 U.S.C.M.A. 285, 41 C.M.R. 225 (1970); *DeChamplain v. Lovelace,* 23 U.S.C.M.A. 35, 48 C.M.R. 306 (1974); and *Levy v. Resor,* 17 U.S.C.M.A. 135, 37 C.M.R. 399 (1967), state the standard for review of pretrial confinement is one of abuse of discretion, the appellant can not complain that he got more than that to which he was entitled. The judge ruled on the matter as an interlocutory question, determined that the confinement was legal, and denied the motion.[5] We find his ruling was proper. The evidence established that confinement was necessary to prevent further assaults and to insure the appellant's presence at the court-martial.[6]

At this appellate level, our review is of the ruling of the military judge. The appropriate standard for that review of an interlocutory question is one of abuse of discretion. *Cf. United States v. Knudson,* 4 U.S.C.M.A. 587, 16 C.M.R. 161 (1954); *United States v. Jessie,* 5 M.J. 573 (A.C.M.R. 22 March 1968); 18 U.S.C. § 3147. We must determine if he abused his discretion in ruling on the motion, based upon the evidence developed at trial. We do not review the magistrate's decision for abuse of discretion and we decline to accept the affidavits and documents relating to his decision.

We find the judge's ruling denying the motion to grant appropriate relief because of illegal pretrial confinement was properly

---

**5.** The judge stated that the appellant had the burden of proving that the confinement was illegal. This would be a correct statement if the abuse of discretion standard is still the proper one for the trial court. Even if the Government had the burden of showing the confinement was legal (see footnote 6, *infra*), however, that burden was met overwhelmingly by the testimony of the battalion commander.

**6.** Notwithstanding the prior decisions indicating that an abuse of discretion is the standard of review, we believe the better rule would be to permit an accused to litigate the issue before a judge of a court having original jurisdiction, as was done here. This would be consistent with the procedures in the ABA Standards on Pretrial Release (Commentary on Standard 5.5; Standards 5:6–5.9; paragraphs 1.4 and 1.5,

Model Provision on Preventive Detention, Appendix C) and in Chapter 207—Release, title 18, United States Code (see specifically section 3147). In such a *de novo* hearing the magistrate's findings should be given great weight and the appellant should bear the burden of rebutting those findings, but once that burden was met, the Government should then have to establish by a preponderance of the evidence the legality of the confinement. We believe it would be inappropriate to call the magistrate to testify as to the basis of his decision. Rather, the evidence should be presented anew to the trial judge.

In the instant case, the appellant's evidence would not have been sufficient to overcome the magistrate's findings and require the Government to come forward with its evidence.

supported by the evidence and was not an abuse of discretion.

We have also considered the assignment of error alleging a denial of appellant's right to a speedy trial and we find that error without merit.

The findings of guilty and the sentence are affirmed.

Judge MITCHELL and Judge DeFORD concur.