PATRICK M. JONES, Airman Recruit,
U. S. Navy, Petitioner

v

THOMAS W. LEMOND, Lieutenant, Commanding Officer, Brig, Treasure Island Naval Station; JOHN T. CHRISTOPHER, Lieutenant Commander, Head Military Personnel, Treasure Island Naval Station; W. A. WALKER, III, Captain, Commanding Officer, Treasure Island Naval Station; JOHN CHAFEE, Secretary of the Navy; and MELVIN LAIRD, Secretary of Defense, Respondents

18 USCMA 513, 40 CMR 225

· *Donald A. Jelinek, Esquire, Myron Moskovitz, Esquire,* and *Mrs. Selma Samols,* counsel for Petitioner.
*Captain Charles E. Patterson,* USMCR, counsel for Respondents.

## Memorandum Opinion of the Court

In May 1969, the petitioner pleaded guilty before a special court-martial to an unauthorized absence of thirty-five days and missing movement of his ship by neglect. He was sentenced to a period of confinement and forfeiture of pay which was later reduced by the convening authority. Petitioner escaped from confinement and remained away as an unauthorized absentee until July 10, 1969, when he surrendered. Apparently, he now faces trial by court-martial for his escape and unauthorized absence. On his return to military control, the petitioner filed an application for discharge from the Navy on the ground of conscientious objection to war; this application is still pending.

The petitioner contends his initial unauthorized absence was an act of "desperation" and his subsequent escape from confinement was for the purpose of obtaining counsel to assist in processing his application for discharge ·as a conscientious objector. Petitioner alleges various efforts on his part to file his application for discharge, but maintains that all of these were frustrated by enlisted and officer personnel, including the chaplain. The Government indicates, in answer to the petition, that it is unable to meet the petitioner's challenge as to the propriety of the action of the petitioner's superiors in regard to his efforts to file the application for discharge because these persons are aboard a vessel in Vietnam waters and it could not "interview or obtain affidavits" from them within the period allowed it by this Court to answer the petition. It has analyzed the petition and certain documentary evidence and contends that its analysis indicates the petitioner was not prejudiced by any of the alleged obstacles to presentation of his application for discharge because he had, before the application, determined to shirk his military responsibilities.

The questions of fact presented by the petition need not be considered. The development of scruples of conscience against military service in a person already in the armed forces does not terminate his obligation to serve. United States v Noyd, 18 USCMA 483, 40 CMR 195. Service regulations provide for an application for discharge on the ground of conscientious objection to military service. Assuming all persons mentioned in the petition improperly interfered with the accused's right to file the application, and further assuming, without deciding, that had the petitioner been allowed to file his application when he maintains he wanted to file it, he would not have been required to board his ship when it ·departed for Vietnam. Cf. United States v Sigmon, CM 416356, January 2, 1968. These assumptions, however, do not impugn the legality of the special court-martial conviction or provide justification for the petitioner's escape. The petitioner admits he left his ship without authority eight days before it was scheduled to sail and he further admits that he remained away for a period beyond that originally contemplated by him. The pendency of an application for discharge as a conscientious objector confers no authority to absent one's self from his organization or unit and

provides no justification for an escape from lawful confinement. See United States v Hangsleben, 8 USCMA 320, 24 CMR 130; cf. United States v Blair, 16 USCMA 257, 36 CMR 413. On its face, the petition presents no ground for the relief sought therein.

The petition is denied and the stay provided in the order of this Court, dated July 14, 1969, is vacated.