GLYNN M. DEXTER (B73 03 63), Commissaryman Seaman, U. S. Navy, Petitioner

v

Honorable JOHN CHAFEE, Secretary of the Navy;

THOMAS H. MOORER, Admiral, USN, Chief of Naval Operations;

HORACE V. BIRD, Rear Admiral, USN, Commander, Naval Base Los Angeles-Long Beach, Long Beach, California;

and

C. E. STASTNY, Captain, USN, Commanding Officer, Naval Station, Long Beach, California, Respondents

19 USCMA 289, 41 CMR 289

Miscellaneous Docket

No. 70–17

March 11, 1970

## Memorandum Opinion of the Court

Petitioner has presented a "Petition for Habeas Corpus." He avers that he is presently confined at the Naval Correctional Center, United States Naval Station, Long Beach, California, pending trial by special court-martial upon two charges alleging violations of Articles 134 and 92, Uniform Code of Military Justice, 10 USC §§ 934 and 892, respectively. Charge I alleges the wrongful possession of marihuana at said Naval Station, and Charge II alleges a violation of a lawful general instruction arising out of the possession of marihuana in his Barracks 37 of said Naval Station.

It is contended that the nature of the charges, the absence of escape attempts, and the fact that in one and three-fourths years of service he has not absented himself without leave, cumulatively establish that he will be present for trial. Thus, it is argued, confinement is illegal.

Article 13, Uniform Code of Military Justice, 10 USC § 813, provides:

". . . [N]o person, while being held for trial or the result of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence. . . ."

Construing the foregoing in United States v Bayhand, 6 USCMA 762, 21 CMR 84 (1956), this Court declared:

". . . It must be remembered that the only valid ground for ordering confinement prior to trial is to insure the continued presence of the accused, as where he has earlier indicated that his obligation to remain with his unit weighs lightly with him, or where the seriousness of the offense alleged is likely to tempt him to take leave of his surroundings."

A special court-martial is authorized to impose a penalty of bad-conduct discharge, confinement at hard labor for six months, and forfeitures of two-thirds pay per month for a like period. Article 19, Uniform Code, supra, 10 USC § 819. Considering the permanent effects of a punitive discharge upon an individual's future, the possibility of such a penalty may never be lightly considered. In this particular, we have observed:

". . . [A] bad-conduct discharge affects entitlement to those benefits which a grateful nation has made available to individuals who have served it honorably. . . . Moreover, the ineradicable stigma of a punitive discharge is commonly recognized by our modern society, and the repugnance with which it is re-garded is evidenced by the limitations which it places on employment opportunities and other advantages which are enjoyed by one whose discharge characterization indicates he has been a good and faithful servant. . . . And it was noted by the late Judge Brosman, in United States v Kelley, . . . [5 USCMA 259, 264, 17 CMR 259 (1954)], that:

'. . . Viewed realistically and practically, I doubt that scarcely any punishment is more severe than a punitive discharge.' " [United States v Johnson, 12 USCMA 640, 645, 31 CMR 226 (1962).]

The serious nature of the penalty imposable for the offense charged, clearly establishes the serious nature of that offense,[1] and demonstrates that the decision to place petitioner in pretrial confinement may not be characterized as an abuse of discretion. See Levy v Resor, 17 USCMA 135, 140, 37 CMR 399 (1967).

The petition is denied.

---

[1] On their face, the charges allege a single offense.