RICHARD A. MITCHELL, Private First Class,
U. S. Marine Corps, Petitioner

v

Honorable MELVIN R. LAIRD,
Secretary of Defense;

Honorable JOHN CHAFEE,
Secretary of the Navy;

LEONARD F. CHAPMAN, JR., General, Commandant, United States Marine Corps;

V. G. LAMBERT, Admiral, USN, Chief of Naval Air Technical Training, Naval Air Station Memphis, Millington, Tennessee;

D. L. DAVIS, Colonel, USMC, Commanding Officer, Marine Aviation Training Support Group–90, Naval Air Station Memphis, Millington, Tennessee;

J. E. GODFREY, Captain, USN, Commanding Officer, Naval Air Station Memphis, Millington, Tennessee;

C. F. CRIGLER, Major, USMC, Commanding Officer, Marine Aviation Training Support Squadron–902, Naval Air Station Memphis, Millington, Tennessee;

and

D. A. KAROWSKI, Lieutenant, USN, Brig Officer, Naval Correctional Center, Naval Air Station Memphis, Millington, Tennessee, Respondents

20 USCMA 195, 43 CMR 35

Miscellaneous Docket

No. 70–68

December 14, 1970

*Phillip E. Kuhn, Esquire,* counsel for Petitioner.

## Memorandum Opinion of the Court

In his Petition for a Writ of Habeas Corpus, petitioner alleges that he is presently confined pending trial by special court-martial. The charges against him involve unauthorized absences of approximately three months and of approximately four days, respectively. Article 86, Uniform Code of Military Justice, 10 USC § 886. Although each absence was terminated by surrender, he complains, he has nonetheless been held in pretrial confinement for more than one month. The military judge of the special court-martial to which the charges have been referred has agreed to continue trial until such time as petitioner's action challenging the refusal to discharge him administratively is finally disposed of by the United States District Court for the Western District of Tennessee, Western Division. Thus, he declares, pretrial confinement will continue indefinitely. To prevent this possibility, petitioner has filed a Petition for Writ of Habeas Corpus in this Court.

Article 13, Uniform Code, supra, 10 USC § 813, provides:

"Subject to section 857 of this title (article 57), no person, while being held for trial or the result of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline."

Exhibits filed by petitioner in support of his petition disclose that subsequent to the original convening of the special court-martial in petitioner's case, he absented himself without leave and upon his return he was ordered confined. This order was based not only upon the occurrence of that offense but also because of his "habitual unauthorized absences in the past." In the light of the seriousness of the penalty which may be imposed upon conviction, and of the recidivist tendencies exhibited by the petitioner, as demonstrated by the petition itself, there is no basis for concluding that the order confining petitioner was improper. Dexter v Chafee, 19 USCMA 289, 41 CMR 289 (1970).

The petition is dismissed.

Judge Darden joins in the action dismissing this petition for the reasons set out in his dissent in Collier v United States, 19 USCMA 511, 42 CMR 113 (1970).