THOMAS W. CATLOW, Private,
U. S. Army, Petitioner

v

HOWARD COOKSEY, Major General, Commanding General,
Fort Dix, New Jersey, Respondent

21 USCMA 106, 44 CMR 160

*Rowland Watts, Esquire*, Counsel for Petitioner.

## Memorandum Opinion of the Court

In his "Petition for Extraordinary Relief in the Nature of Habeas Corpus" filed in the above-entitled action, petitioner predicates the relief requested upon the following factual allegations:

On November 20, 1969, a general court-martial convened by order of the respondent, Commanding General, Fort Dix, New Jersey, convicted petitioner of participating in a riot and of aggravated arson.[1] A sentence extending to dishonorable discharge and forfeiture of all pay and allowances was adjudged. The convening authority, respondent herein, approved the sentence, and petitioner was assigned to the Special Processing Detachment for duty. (The dates of the latter events are not set forth.)

After such assignment, in petitioner's words, "For reasons which are not immediately pertinent, petitioner took unauthorized absence of his unit." (The date of the commencement of this absence is not set out in the petition.) Having learned "unofficially" that the Court of Military Review had reversed the conviction and ordered a rehearing, petitioner, accompanied by his civilian counsel, returned to Fort Dix on October 4, 1971. There, after an interview with the commanding officer of the Personnel Control Facility, it was determined that petitioner should not be confined. Despite the initial determination not to confine him, states petitioner, and despite the fact that he has neither committed nor has he been accused of committing an offense since his return to Fort Dix, he was ordered into confinement on November 22, 1971, by the respondent. He has been, and continues to be, segregated from other prisoners and subjected to irregular procedures and indignities. The latter include: prohibiting communication with other prisoners; requiring him to obtain copies of regulations through his attorney rather than through normal channels; frustrating his efforts to institute an investigation of the stockade commander and the convening authority pursuant to Article 138, Uniform Code of Military Justice, 10 USC § 938;[2] requiring other prisoners in the segregation cell block to remain in their cells while petitioner exercises, etc.; prohibiting petitioner and another prisoner (not otherwise named or described) from being in the same building at the same time. All efforts to obtain his release from confinement have been unavailing.

Petitioner acknowledges that a charge predicated upon his admitted unauthorized absence of unspecified duration has been preferred against him and action thereon is pending. He avers, however, that he "believes that his confinement cannot reasonably be" attributed to that charge for pretrial confinement may be ordered only "where the offense is deemed se-

---

[1] Violations of Articles 116 and 126, respectively, Uniform Code of Military Justice, 10 USC §§ 916 and 926.

[2] The means by which his efforts were frustrated are not described. Article 138 provides for the filing of complaints; the investigation, if any, is the responsibility of others.

rious or where there is a substantial probability that the accused would not otherwise appear for trial."

He "believes that his present confinement is in reality an extralegal effort on the part of respondent to exact punishment for the charges of participating in a riot and aggravated arson." He further "believes that respondent has no intention of reconvening a general court-martial on those charges; and in any event, such a court-martial would be without authority to impose confinement. Consequently, petitioner believes that the respondent, who, according to his Staff Judge Advocate, personally reviewed the determination to confine petitioner, has acted in violation of Article 13 of the Uniform Code of Military Justice,[3] and in violation of the Fifth Amendment prohibitions against double jeopardy and deprivation of liberty without due process of law, and the Eighth Amendment prohibition against cruel and unusual punishment."

We need not decide whether a person awaiting a rehearing may be placed in confinement when the sentence originally adjudged did not include confinement. See, however, United States v Kelley, 5 USCMA 259, 17 CMR 259 (1954). Nor is there any ▬▬▬■ necessity for determining ▬▬▬■ whether petitioner is confined pending rehearing of the original charges, or upon the latter charge, or a combination of both. His unauthorized absence during the course of appellate review of his earlier conviction, and his return only upon learning that the conviction was set aside, would relieve the respondent from any suspicion that his action overruling his subordinate's initial decision and ordering petitioner's confinement was arbitrary, unreasonable, or capricious. Moreover, it is now well established

---

[3] 10 USC § 813.

that one who believes he is wronged by a decision directing his confinement prior to trial, must pursue the remedy provided by Article 138, Uniform Code, supra, 10 USC § 938, prior to seeking the intervention of this Court pursuant to 28 USC § 1651(a). Dale v United States, 19 USCMA 254, 41 CMR 254 (1970). Petitioner declares that his attempts to pursue the remedy afforded by Article 138, supra, have been frustrated. However, he does not describe the nature of these efforts, the person or persons to whom they were directed, nor the acts which frustrated those efforts. In short, the petition sets forth no basis for a determination by this Court that petitioner's efforts to pursue the Article 138 remedy were curtailed by anyone in authority. Jones v Lemond, 18 USCMA 513, 40 CMR 225 (1969); Walker v United States, 18 USCMA 658 (1969). But, assuming his allegation is factually supported, or, should this remedy prove ineffective, the issue may be raised by appropriate motion presented to the military judge of the court-martial to which the pending charge or charges are referred. See Article 39(a), Uniform Code, supra, 10 USC § 839(a); Hallinan v Lamont, 18 USCMA 652 (1968); Font v Seaman, 20 USCMA 387, 43 CMR 227 (1971).

Similar considerations apply to the allegations relative to the conditions under which he is confined.

Petitioner's assertion of his "beliefs" relative to the respondent's purpose to exact punishment for the charges of participating in a riot and aggravated arson, and to his intention not to order a rehearing, are held mere speculative conclusions when unaccompanied by a recitation of any facts upon which such "beliefs" are premised. They do not provide a basis for invocation of the extraordinary powers provided by 28 USC § 1651(a).

The petition is dismissed.