CHARLES TUTTLE, Private, U. S. Marine Corps, Petitioner

v

COMMANDING OFFICER, MAG–16, MCAS, El Toro, California,

and

COMMANDING OFFICER, HMH 363, MCAS (H), Santa Ana, California, Respondents

21 USCMA 229, 45 CMR 3

Miscellaneous Docket
No. 72–6

March 6, 1972

*Richard P. Fox, Esquire,* Counsel for Petitioner.

### Memorandum Opinion of the Court

This is a "Petition for Writ of Habeas Corpus" filed on behalf of the petitioner by his attorney, Richard P. Fox.

The petition avers that petitioner was confined January 25, 1972, at Marine Corps Air Station, El Toro, California, and continues in that status to the present time; that charges have not been served upon him[1] nor has

---

[1] Article 10, Uniform Code of Military Justice, 10 USC § 810, provides, in pertinent part:

". . . When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused. . . ."

This Article does not require that a

**229**

military defense counsel been appointed; that on February 8, 1972, individual counsel mailed a request to the Commanding Officer, Marine Corps Air Station, Santa Ana, California, seeking copies of the charges and other related documents, of statements by the accused, and any other person regarding the alleged offense. He further requested the names of the convening authority, the trial counsel, and defense counsel, and of all witnesses to the alleged offense.[2] The requested information had not been received on February 19, 1972, the date appearing on the petition.

On the basis of the foregoing, it is alleged that petitioner's confinement is unlawful, and this Court should order his release.

In Catlow v Cooksey, 21 USCMA 106, 44 CMR 160 (1971), we held that an individual who, prior to trial, believes his confinement is improper for any reason must pursue the remedy provided by Article 138, Uniform Code of Military Justice, 10 USC § 938, prior to seeking the intervention of this Court pursuant to 28 USC § 1651(a). Counsel for petitioner states that the requirements of Catlow v Cooksey, supra, have been met for "a copy of these pleadings are [sic] being forwarded through channels prescribed as a Complaint pursuant to Article 138, UCMJ."

Article 138, Uniform Code, supra, provides a readily available means for remedying any pretrial impropriety of the sort alleged in the instant petition. Since the officer to whom a complaint filed thereunder must be addressed is close to the source of the evidence controlling disposition of such a complaint, he may make a speedier disposition thereof than one more remote, and more readily grant the relief required. Moreover, since that officer is required to report fully his disposition of the matter to the Secretary concerned, a record is thus prepared and preserved for judicial consideration, in the event his ruling is adverse to the applicant. Thus, a sound basis for judicial determination is obtained.

The right to seek redress of wrongs is an integral part of the complex of rights granted by the Congress to those subject to military law. Those to whom an application for relief under the provisions of this Article is submitted may not lightly regard the right it confers, nor dispose of such application in a perfunctory manner. Its provisions should not be construed by those charged with the administration of military justice, at any level, in a manner calculated to lead anyone to believe that the right of redress of wrongs is of minor importance and one which may be disregarded entirely or perfunctorily complied with.

Such a belief would most certainly be inspired by approval of any practice which would deny the officer responsible for the disposition of complaints a reasonable opportunity to ascertain the nature of the complaint, as well as the facts giving rise to it, and to determine the proper disposition to be made. To accept the petitioner's view that the requirements of Catlow v Cooksey, supra, are properly met by the simple expedient of mailing a copy of the "Petition for Writ of Habeas Corpus" to the officer charged with the responsibility for the redress of wrongs, at the same time the petition is dispatched to this Court, would require that we ignore the provisions of Article 138, supra, and the basis of the requirements of Catlow v Cooksey. It would, moreover, inspire a completely erroneous view of the rights intended to be con-

---

copy of the charges be served on the accused. Informing him of the nature of such charges suffices. United States v Mladjen, 19 USCMA 159, 41 CMR 159 (1969).

[2] Service of the charges is made by trial counsel *after* the charges have been referred to trial by court-martial. (Paragraph 44*h*, Manual for Courts-Martial, United States, 1969 (Revised edition).) Only at that point are the identities of convening authority, counsel, and witnesses ascertainable.

ferred by the Uniform Code. We do not accept the argument advanced by petitioner.

Accordingly, the petition is dismissed. Catlow v Cooksey, 21 USCMA 106, 44 CMR 160 (1971).