WAYNE K. BUMPUS, Electrician's Mate Third Class, U. S. Coast Guard, Petitioner

v

DOUGLAS B. THURNHER, Commander, U. S. Coast Guard, Convening Authority, Commanding Officer, USCGC EDISTO (WAGB 284), GC Yard, Curtis Bay, Baltimore, Maryland, Respondent

Miscellaneous Docket

No. 73-31

June 25, 1973

*Lieutenant Michael T. Leibig,* USCGR, counsel for Petitioner.

## MEMORANDUM OPINION OF THE COURT

In this "Motion for Appropriate Relief in the Form of a Writ of Mandamus" filed in the above-entitled action, petitioner, an electrician's mate third class, United States Coast Guard, avers that his request for the assignment of one Captain William Carter, an Army judge advocate, assigned to Fort George G. Meade, Maryland, as an individual military counsel at his pending trial by special court-martial was improperly forwarded by the respondent convening authority and improperly denied by the Commandant, United States Coast Guard.

A copy of the commandant's action is appended to the motion. That action states that the assignment of individual military counsel referred to in Article 38(b), Uniform Code of Military Justice, 10 USC § 838(b), and paragraph 48*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), relates solely to counsel within the same armed force as that to which the particular accused is assigned. On this basis, he declined to determine the availability of said Captain Carter. His action concludes with the following statement:

"Private or personal arrangements by defendants for appearance of individual counsel not affected by above."

There is no indication that petitioner has attempted to obtain the services of Captain Carter by the "private or personal arrangements" authorized by the commandant's action. It therefore appears that petitioner has failed to pursue available alternate means of obtaining such services. Catlow v Cooksey, 21 USCMA 106, 44 CMR 160 (1971); Walker v United States, 18 USCMA 658 (1969); Jones v Lemond, 18 USCMA 513, 40 CMR 225 (1969). Accordingly, the "Motion" is dismissed.

Chief Judge Darden would dismiss the motion for the relief sought is not in aid of this Court's jurisdiction.

Judge Duncan would order the respondent to show cause why the relief sought should not be granted.