RAYMOND G. DeCHAMPLAIN, Master Sergeant U. S. Air Force,
Petitioner

v

HEWITT E. LOVELACE, JR., Colonel, U. S. Air Force,
Commander, 1840th Air Base Wing; D. L. WERBECK, Brigadier
General, U. S. Air Force, Commander; RUSSELL A. STANLEY,
Colonel, U. S. Air Force, Military Judge; and JOHN L. McLUCAS,
Secretary of the Air Force, Respondents

Miscellaneous Docket No. 74-28

April 17, 1974

*Eric M. Lieberman,* Esquire and *Leonard B. Boudin,* Esquire, counsel for
Petitioner.

### MEMORANDUM OPINION OF THE COURT

Petitioner is confined at the Richards-Gebaur Air Force Base, Missouri, pending a rehearing on certain charges alleging conspiracy to wrongfully communicate classified information affecting the security of the United States to an agent

of a foreign government,[1] failure to report a personal contact with a representative of a foreign government[2] and two specifications alleging violations of 18 USC §§ 793(b) and 793(d), by wrongfully copying and attempting to deliver certain classified security documents connected with national defense to a person not authorized to receive them.[3] Petitioner was convicted of these offenses by a general court-martial, but the Court of Military Review set aside the conviction because an improperly obtained inculpatory statement was erroneously received in evidence. A rehearing was ordered. United States v DeChamplain, 46 CMR 784 (AFCMR 1972). Upon certification by the Judge Advocate General,[4] this Court affirmed the decision of the Court of Military Review. United States v DeChamplain, 22 USCMA 150, 46 CMR 150 (1973).

Thereafter, three petitions seeking relief on various grounds were filed on separate occasions in this Court by petitioner. Included in each petition was a prayer for his release from confinement. Each was denied or dismissed. DeChamplain v McLucas, 22 USCMA 462, 47 CMR 552 (1973); DeChamplain v United States, Misc No. 73-26 (USCMA June 14, 1973); DeChamplain v United States, 22 USCMA 211, 46 CMR 211 (1973).

Interspersed among the above-described petitions to this Court were several successive petitions filed within Air Force channels seeking release from confinement. Each of these was denied with adequate expression of the basis for such action.

During the course of these activities, the convening authority referred the pending charges to a general court-martial. A session of the court-martial was conducted on July 16, 1973, through July 20, 1973, pursuant to Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a), to receive evidence on petitioner's motion to compel his pretrial release. The motion was denied.

On November 13, 1973, the United States District Court for the District of Columbia issued a preliminary injunction prohibiting petitioner's trial for alleged violations of Article 134, or trial upon any of the charges without granting petitioner and any of his counsel full and unlimited access to all documents relevant and material to his case. DeChamplain v McLucas, 367 F Supp 1291 (DDC 1973). An appeal of this decision by the government is now pending.

In his present petition, petitioner contends his continued confinement is unlawful and violative of the Fifth Amendment for:

1. Under that Amendment the Government must release him on his personal recognizance, or after obtaining adequate and reasonable security in the form of bail to assure that he will be available to stand trial and, if convicted, to serve any sentence which may be imposed. Moreover, continuing his confinement without granting him any opportunity for a hearing before a neutral official as to whether or not he should be confined is a further denial of Fifth Amendment rights; and, imposing upon him the burden of showing he should not be confined, rather than placing the burden of establishing a need for confinement upon the Government.

Confinement of an individual pending trial by court-martial is governed by Article 13, UCMJ, 10 USC § 813, which provides, in pertinent part:

[N]o person, while being held for trial or the results of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence . . .

■ Apart from the provision—not here pertinent—that no person may be ordered into arrest or confinement except for probable cause,[5] Article 13 is the sole statutory provision relating to pretrial confinement. In Levy v Resor, 17

---

[1] Article 81, UCMJ, 10 USC § 881.
[2] Article 92, UCMJ, 10 USC § 892.
[3] Article 134, UCMJ, 10 USC § 934.

[4] Article 67(b)(2), UCMJ, 10 USC § 867(b)(2).
[5] Article 9(a), UCMJ, 10 USC § 809(a).

USCMA 135, 37 CMR 399 (1967), we had occasion to review some of the provisions relating to release on bail in criminal prosecutions before the courts of the United States established pursuant to Article III of the Constitution, and pointed out that the Eighth Amendment's provision with respect to bail are not applicable to military personnel. The requirement of military law is that confinement be imposed only to assure the accused's presence at trial. If that purpose does not underlie the order of confinement, we have held such confinement is illegal. United States v Jennings, 19 USCMA 88, 41 CMR 88 (1969). However, when a commanding officer has firm grounds for believing confinement is necessary to assure the accused's presence, we have required a showing that his ruling may properly be characterized as an abuse of discretion before taking any action to set it aside. Catlow v Cooksey, 21 USCMA 106, 44 CMR 160 (1971); Smith v Coburn, 19 USCMA 291, 41 CMR 291 (1970); Dexter v Chafee, 19 USCMA 289, 41 CMR 289 (1970); Horner v Resor, 19 USCMA 285, 41 CMR 285 (1970). Strong indication of the necessity for pretrial confinement is furnished by the seriousness of the offenses charged— a circumstance we declared is "likely to tempt him to take leave of his surroundings." United States v Bayhand, 6 USCMA 762, 768, 21 CMR 84, 90 (1956). See also Catlow v Cooksey, supra.

In the instant case, the seriousness of the offenses charged is not open to question. Indeed, at his original trial upon these charges, the court-martial imposed a sentence of dishonorable discharge, total forfeitures of pay and allowances, confinement at hard labor for 15 years and reduction to the lowest enlisted grade. Petitioner has had the benefit of several reviews of his numerous administrative and judicial petitions seeking release from confinement. Nothing set forth in his present petition tends to indicate that the decisions made with respect to his continued confinement may be characterized as an abuse of discretion. Wood v McLucas, 22 USCMA 475, 47 CMR 643 (1973).

Accordingly, the petition is dismissed.

DUNCAN, Chief Judge (concurring in result):

I agree that the accused in this case is not entitled to the requested extraordinary relief, but I do not agree with the military judge's ruling below (according to petitioner) that he, in a proper case, lacks authority to hear and rule upon the accused's motion for release from pretrial confinement. See my separate opinion in Newsome v McKenzie, 22 USCMA 92, 46 CMR 92 (1973). Moreover, as petitioner concedes, the prosecution in this case has been halted by an injunction issued by the United States District Court for the District of Columbia. DeChamplain v McLucas, 367 F Supp 1291 (DDC 1973). That case is presently pending on appeal, and it is certainly open to petitioner to apply to that court or the appropriate appellate body now having jurisdiction of the case for his release on bail pending disposition of the proceedings. Thus, there are two avenues open to the accused in the ordinary course of events whereby he may have an impartial hearing and perhaps gain his freedom. These available remedies render it unnecessary for this Court to grant extraordinary relief.

I would deny the accused's petition for extraordinary relief without prejudice to apply to the military judge or the appropriate federal court for his release from pretrial confinement.