**UNITED STATES**

v.

**Thomas E. SCHAUER, 324 50 9606 Corporal (E–4), U. S. Marine Corps.**

**NCM 76 2574.**

U. S. Navy Court of Military Review.

Sentence Adjudged 28 July 1977.

Decided 19 Dec. 1978.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, BAUM and GREGORY, JJ.

BAUM, Judge:

On 9 June 1976, appellant was sentenced to a dishonorable discharge, confinement at hard labor for 10 years, reduction to E–1, and forfeiture of all pay and allowances, after having been convicted of attempted murder, conspiracy to commit robbery, and robbery. On 20 April 1977, this Court set aside the findings and sentence and authorized a rehearing. That rehearing was held on 28 July 1977, and resulted in the same sentence as previously awarded. Appellant pled guilty at that rehearing to conspiracy to commit robbery, robbery, and aggravated assault, pursuant to a pretrial agreement which provided for reduction of the adjudged confinement to 7 years. The sentence was reduced as called for by the agreement.

Appellant has assigned the following four errors before this Court:

I

THE COURT LACKED JURISDICTION OVER THE CONSPIRACY TO COMMIT ROBBERY OFFENSE, CHARGE I.

II

CPL SCHAUER IS IMPROPERLY BEING DENIED REGULAR GOOD TIME SENTENCE CREDITS WHILE IN CONFINEMENT.

III

CPL SCHAUER IS SUBJECT TO PAROLE RULES THAT DENY HIM DUE PROCESS OF LAW.

IV

CPL SCHAUER MUST RECEIVE SENTENCE CREDIT FOR THE FIFTY–FIVE DAYS HE SPENT IN PRETRIAL CONFINEMENT PRIOR TO HIS FIRST TRIAL.

Assignments I, III and IV are rejected. Although the conspiracy that formed the basis of Charge I was formulated off base,

it clearly continued on base where it was consummated, thus providing jurisdiction over that offense. With respect to assignment III, we follow the holding in *United States v. Wolff*, 5 M.J. 923 (N.C.M.R.1978). We find that the published standards and criteria governing parole determinations in the Naval Service satisfy due process requirements. The holding in *Hart v. Kurth*, 5 M.J. 932 (N.C.M.R.1978) is dispositive of Assignment IV.

 In Assignment of Error II, appellant challenges, in general, the method of computing good time credit as called for by the Navy Corrections Manual[1] and, in particular, how it has been applied in his case. As noted earlier, appellant was initially sentenced to confinement at hard labor for 10 years. Pursuant to the Corrections Manual, appellant was credited with 10 days of good time for each month served, until his sentence was reduced to 7 years confinement by the convening authority after the rehearing. At that time, corrections officials recomputed appellant's good time in accordance with Corrections Manual requirements to reflect 8 days of good time each month rather than 10. He, thus, lost 2 days per month of good time for the period already served and credited, as well as future good time at 2 days per month less than would be expected if the 10-year sentence had been approved. Appellant asserts that the Corrections Manual provision requiring such action is inconsistent with, and must yield to, a higher directive, Department of Defense Instruction 1325.4 of 7 October 1968, which established the method for computing good time. The instruction provides in part that good time will be credited "beginning with the day on which the sentence commences to run." DOD Inst. 1325.4, para. III. 0.1a (1). Appellant argues that this language requires the determination of good time credits to be based on the length of the sentence at the time it commences to run. He maintains, further, that the language evidences a plan where the rates never change, no matter what subsequent action is taken on the sentence. We do not agree with this interpretation.

We believe that the quoted language means only that good time computations will start immediately on the day when the sentence begins to run. We do not interpret this provision to mean that the good time rates can never be changed, as provided for in the Corrections Manual. We, therefore, find that the computation of 8 days of good time per month for all confinement after 12 October 1977, the date confinement was reduced from 10 years to 7 years by the convening authority, is in accord with both the DOD Instruction and the Navy Corrections Manual and, since it does not increase the total time to be served, is not violative of *United States v. Larner*, 1 M.J. 371 (1976).

 Despite the provisions in the Navy Corrections Manual, we do not believe it permissible to reduce the 10 days per month of good time during periods when there was in effect a sentence to 10 years' confinement. We agree with appellant that recomputation of this good time already earned, solely on the basis of a reduction of the sentence from 10 years of confinement to 7 years, violates paragraph III.0.2a of DOD Inst. 1325.4, which provides for forfeiture of good time credits for acts of misconduct. We believe it consistent with this provision to permit reduction in good time credits already earned only by reason of misconduct.

In light of the above, the findings and sentence as approved below are affirmed, but it is directed that appellant's good time earned during periods between 9 June 1976 and 12 October 1977 will be computed on the basis of 10 days a month. From 12 October 1977 forward, the good time earned will be computed on the basis of 8 days per month.

Senior Judge DUNBAR and Judge GREGORY concur.

---

1. SecNav Instruction 1640.9.