UNITED STATES

v.

Charles RICHARDSON, 430 21 6040, Private (E–1), U. S. Marine Corps.

NCM 78 1298.

U. S. Navy Court of Military Review.

8 May 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

MICHEL, Judge:

Pursuant to his pleas, appellant was found guilty of one specification alleging misbehavior of a sentinel, thirteen specifications alleging larceny and two specifications alleging housebreaking, in violation of Articles 113, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 913, 921, and 930, respectively. He was sentenced by a general court-martial military judge, on 5 June 1978, to confinement at hard labor for 4 years, total forfeiture of pay and allowances, and a dishonorable discharge. Pursuant to the terms of a pretrial agreement, the convening authority, on 24 August 1978, approved the confinement and forfeitures as adjudged but mitigated the dishonorable discharge to a bad-conduct discharge and suspended that portion of the sentence to confinement at hard labor in excess of 18 months for the period of confinement actually served plus 6 months thereafter, with provision for automatic remission.

Appellant states, *inter alia*, that under the provisions of paragraph III.O.1, DOD Instruction 1325.4 of 7 October 1968, he was initially credited with good conduct time at the rate of 7 days per month during the period 5 June 1978 to 24 August 1978.

While conceding that this was proper, appellant complains that, when the convening authority took his action, confinement officials responsible for the administration of his incarceration expunged all good time accumulated up to and including 24 August 1978 and thereupon credited appellant with good time for that same period, but at the reduced rate of 5 days per month.[1] Appellant asserts error, relying upon our decision in *United States v. Schauer*, 6 M.J. 748 (N.C.M.R.1978).

In *Schauer*, the petitioner had received a sentence to confinement at hard labor for 10 years as a result of his first trial. The *rehearing* in his case again resulted in a sentence to confinement at hard labor for 10 years but this was reduced to 7 years by the convening authority in accordance with a pretrial agreement. We viewed the recomputation of Schauer's good time, which in effect eradicated the accumulation of sentence credit at the rate predicated upon that time in which Schauer was incarcerated under a 10-year sentence, as error. That holding was based upon our view that good time credit once earned on a sentence, in effect, could properly be reduced only due to the confinee's misconduct. *Id.* at 750.

The instant case differs from *Schauer, supra,* only in that appellant has one sentence, part of which was properly suspended by the convening authority. The extent and duration of the suspension notwithstanding, appellant remains *sentenced* to confinement at hard labor for 4 years. Crediting of good time commences concomitantly on the date when the sentence begins to run. *Id.*; paragraph III.O.1a of DOD Instruction 1325.4. *See* paragraph 1009.1, U. S. Navy Corrections Manual, SECNAVINST 1640.9 of 19 June 1972. Appellant's sentence normally will continue to run until the expiration of 18 months from the date that sentence was announced (less good time) plus 6 months thereafter or, in the event of misconduct sufficient to cause vacation of the suspension, until the expiration of 48 months from the date that sen-

1. In actuality, appellant was credited with good time at the revised rate of 6 days per month, in accordance with the applicable directive, paragraph III.O.1a (1)(b) of DOD Instruction 1325.4.

tence was announced. Article 57b, UCMJ; paragraph III.Q.3 of DOD Instruction 1325.-4. *See McDonald v. Lee*, 217 F.2d 619, 623 (5th Cir. 1954), *vacated as moot* 349 U.S. 948, 75 S.Ct. 893, 99 L.Ed. 1274 (1955). *See also United States v. Liddy*, 166 U.S.App. D.C. 289, 510 F.2d 669, 674–675 (1974), *cert. den.* 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975). Under either formulation, the sentence *adjudged and approved* is unaltered and remains in effect. *See Schauer, supra,* at 750; *cf.* paragraph 97c, *Manual for Courts-Martial, United States, 1969* (Revised edition).

Thus, in the case of one whose approved sentence includes either a period of unsuspended confinement or both a suspended and unsuspended period of confinement, good time should be computed initially on the basis of that sentence which has been adjudged and later on the sentence approved, but suspension of a sentence has absolutely no effect on the crediting of good time. Only in this manner may adjudged military prisoners having unsuspended sentences to confinement and those having partially suspended sentences to confinement attain full parity regarding their ability to earn good time as a set-off against that confinement portion of their respective effective sentences. *Cf. United States v. Heard*, 3 M.J. 14, 22–23 (C.M.A. 1977); *United States v. Ledbetter*, 2 M.J. 37, 41 (C.M.A.1976); *United States v. Larner*, 1 M.J. 371 (C.M.A.1976). Appellant here has been prejudiced by the erroneous calculation of good time and his prior applications for relief have not produced the result sought. We will provide that relief.

The remaining assignments of error lack merit.

Accordingly, the findings and sentence as approved below are affirmed. It is directed that appellant's good time earned, commencing 5 June 1978, will be computed on the basis of 7 days per month.

Senior Judge BAUM concurs.

GRANGER, Judge (dissenting):

Article 66, Uniform Code of Military Justice, establishes the scope of this Court's review of courts-martial. In a case referred to it, this Court may act only with respect to the findings and sentence. *Id.* My colleagues correctly affirm the findings and sentence. Any error in the computation of appellant's release date does not render the sentence illegal. *See United States v. Larner*, 1 M.J. 371, 373 (C.M.A. 1976); *Lee v. United States*, 400 F.2d 185 (9th Cir. 1968). It is plain, therefore, that, whether they know it or not, the relief my colleagues order herein is extraordinary relief. Indeed, appellant does not attempt to disguise his prayer of relief. His "assignment of error" is merely a reference to his previously filed and denied "Petition for Extraordinary Relief in the Nature of Habeas Corpus."

*Habeas corpus* is essentially a civil remedy. *See Kurtz v. Moffitt*, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458 (1885); *Ex parte Tom Tong*, 108 U.S. 556, 2 S.Ct. 871, 27 L.Ed. 826 (1883). Before I would exercise whatever extraordinary powers this Court has, and litigate such civil causes of action, I would require the applicant to allege facts that show he is entitled to such extraordinary relief. Appellant has not done so in this case. He has failed to show that there is no adequate remedy available to him short of extraordinary relief. There is no averment that he has exhausted his remedy under Article 138, Uniform Code of Military Justice, 110 U.S.C. § 938. *See Tuttle v. Commanding Officer*, 21 U.S.C.M.A. 229, 45 C.M.R. 3 (1972). While this might not be an absolute prerequisite to *habeas corpus* relief in cases involving pretrial restraint, *see Porter v. Richardson*, 23 U.S.C.M.A. 704, 50 C.M.R. 910 (1975), the same considerations do not prevail in post-trial confinement where, as here, the petitioner is lawfully confined for an extended term, eliminating any need for immediate action by appellate tribunals. Further, appellant apparently has not sought the correction of his Naval records through other available administrative avenues.

Appellant has failed to state a basis for granting the extraordinary relief he seeks.

I would dismiss his petition and affirm the findings and sentence without further action.