## UNITED STATES

v.

Vincent W. PRIEST, 446 60 5373, Private (E-1), U. S. Marine Corps.

NCM 78 1651.

U. S. Navy Court of Military Review.

Sentence Adjudged 12 June 1978.

Decided 25 May 1979.

CAPT Edward V. Cassidy, Jr., USMCR, Appellate Defense Counsel.

LCDR Bradley S. Beall, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and MICHEL and GRANGER, JJ.

MICHEL, Judge:

In accordance with his pleas, appellant was found guilty at a general court-martial bench trial of unauthorized absence and larceny of a privately owned boat and an item of radio equipment originally installed therein, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921. Appellant also was convicted of willfully damaging the same boat by knowingly operating it in a hazardous waterway and beaching it, in violation of Article 109, Uniform Code of Military Justice, 10 U.S.C. § 909. His sentence, as this appeal reaches us, extends to confinement at hard labor for 18 months, total forfeiture of pay and allowances,[1] and a dishonorable discharge.

Appellant contends, and we agree, that his guilty plea to the offense of willfully damaging private property was improvident. In response to inquiries by the military judge, made in accordance with *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), appellant related that he purloined the private boat for his own purposes while on unauthorized absence, and operated it in a body of water which he knew to be shallow and swampy. Appellant stated his operation of the boat resulted in it continually scraping the bottom of the waterway and eventually hitting a log. Appel-

1. On 20 March 1979, the convening authority conditionally suspended the unexecuted portion of the sentence to forfeitures in excess of $160.00 pay per month, such suspension being effective 25 February 1979. Appellant's sentence, however, still includes total forfeiture of pay and allowances. *See United States v. Richardson,* 7 M.J. 690 (N.C.M.R.1979).

lant also related purposely running the boat aground and hiding it.

 Despite the apparent recklessness and disregard shown for the preservation of the boat, appellant's responses revealed no indicia of the state of mind which is prerequisite to a conviction under Article 109, Uniform Code of Military Justice. *See* paragraph 188*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition). While the offense of damaging military property of the United States may be committed by simple negligence, paragraph 187, *Manual for Courts-Martial, United States, 1969* (Revised edition), and the offense of damaging the real property of another, through waste or spoilation, may be consummated by recklessness, paragraph 188*a*, *Manual for Courts-Martial, United States, 1969* (Revised edition), to be cognizable under Article 109, Uniform Code of Military Justice, damage to private personal property of another must be committed "willfully." Paragraph 188*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition). "Willfully", stated otherwise, is that mental state in which the perpetrator intends the consequences of his act. *Id.* Although it would appear that intentional conduct which evidences a wanton and reckless disregard of the foreseeable consequences of damage to personal property, as occurred here, should be punishable as an offense, the *Manual* provision at issue clearly delimits culpability to "willful" or "intentional" damage in cases associated with personal property. We find the specific reference to "recklessness" in paragraph 188*a* and its omission in paragraph 188*b*, in addition to the plain language of paragraph 188 *b*, as requiring willful damage rather than damage resulting from an act in reckless disregard of its probable consequences, for an offense to be cognizable under paragraph 188*b*. *See United States v. Jones,* 50 C.M.R. 724 (A.C.M.R.1975), *citing inter alia United States v. Bernacki,* 13 U.S.C.M.A. 641, 33 C.M.R. 173 (1963); *United States v. Weaver,* 48 C.M.R. 856 (A.C.M.R.1974).

In this case, appellant never verbalized an intent to damage the boat. His responses, while unquestionably giving rise to the conclusion that appellant caused the alleged damage to the boat by operating it with a complete and utter disregard for the consequences—in short, in a grossly negligent or reckless manner—were ambiguous as to the element of willfulness. The finding of guilty to this offense therefore must be set aside.

The remaining assignments of error lack merit.

Accordingly, only so much of the findings as finds appellant guilty of Charge I and its supporting specification, and Charge III and its two supporting specifications are affirmed. The remaining Charge and specification are set aside and ordered dismissed. Upon reassessment, only so much of the sentence as provides for confinement at hard labor for 12 months, total forfeiture of all pay and allowances as partially suspended below, and a dishonorable discharge are affirmed.

Senior Judge BAUM and Judge GRANGER concur.