IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

| | |
|---|---|
| In re Ethan W. Tucker,<br>Seaman (E-3)<br>U.S. Coast Guard,<br>    Petitioner | 18 October 2019<br><br>PETITION FOR EXTRAORDINARY<br>RELIEF, FILED 1 OCTOBER 2019<br><br>MISC. DOCKET NO. 003-19 |
| United States,<br>    Real Party in Interest | BEFORE MCCLELLAND, BRUCE &<br>BRUBAKER<br><br><u>ORDER</u> |

Petitioner is in pretrial confinement and seeks a writ of habeas corpus directing his release from pretrial confinement, asserting that the Commanding Officers who ordered him into pretrial confinement, and persisted upon request for reconsideration, abused their discretion.

**Facts**

On 28 August 2019, charges were preferred against Petitioner stemming from an incident involving the death of a shipmate that occurred on 26 January 2019. Petitioner was, at the time of the incident, assigned to Coast Guard Cutter DOUGLAS MUNRO, which was on a port call in Dutch Harbor, Alaska. The charges include murder, manslaughter, assault, and maiming, as well as violation of an order, false official statement, and obstructing justice.

After a search by MUNRO crewmembers for their shipmate, who was reported missing, he was found in the water at a beach, whence he was taken to an emergency medical facility, where he was pronounced dead. His face and the back of his head had contusions and lacerations. Cause of death was determined to be drowning and hypothermia. There was evidence that Petitioner had had a physical altercation with the shipmate and that Petitioner and a third crewmember had eventually left the shipmate in the water. There was also evidence that both Petitioner and the third crewmember were initially unresponsive, misleading, and/or untruthful when asked questions by search personnel, and that Petitioner had given false statements to investigators.

1

Petitioner was transferred to Base Alameda in or before March 2019. On 28 August 2019, the day charges were preferred, his Commanding Officer ordered him into pretrial confinement, with a concomitant memorandum reflecting consideration of Rules for Courts-Martial (R.C.M.) 304 and 305, Manual for Courts-Martial, United States (2019 ed.). On 29 August 2019, the Commanding Officer signed a memorandum in accordance with R.C.M. 305(h)(2)(C) stating the reasons for confinement. On 3 September 2019, an Initial Review Officer (IRO) decided that Petitioner should continue in pretrial confinement. Petitioner sought reconsideration by the Commanding Officer on 6 September and by the IRO on 21 September, denied on 11 September and 25 September respectively.

## Analysis

The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The writ of habeas corpus is "the traditional remedy for unlawful imprisonment." *Waller v. Swift*, 30 M.J. 139, 142 (C.M.A. 1990). Thus, the question is whether Petitioner is unlawfully confined.

Confinement is only authorized if there is probable cause (reasonable grounds) to believe that an offense triable by court-martial has been committed; the confinee committed it; confinement is necessary because it is foreseeable that the confinee will not appear at future proceedings or will engage in serious criminal misconduct; and less severe forms of restraint are inadequate. R.C.M. 305(h)(2)(B).

There is probable cause to believe Petitioner committed an offense. The real issue here is whether it is foreseeable that Petitioner will not appear at future proceedings or will engage in serious criminal misconduct; and whether less severe forms of restraint are inadequate.

We note that the memoranda of the Commanding Officer and IRO contain a number of conclusory statements and leaps of logic that do little to explain why, given the individual circumstances of this case, it is foreseeable that Petitioner will not appear at future proceedings or will commit further serious misconduct and that lesser forms of restraint would be inadequate.

2

For instance, the Commanding Officer in the memoranda of 28 and 29 August appears to reason that preferring charges with a maximum punishment of life imprisonment can, by itself, create sufficient risk of flight and future misconduct to warrant confinement and make lesser forms of restraint inadequate. This cannot be. *See Coffee v. Commanding Officer*, 2 M.J. 234 (C.M.A. 1977). Similarly, the Commanding Officer's memorandum of 29 August states that the charges pending against Petitioner "show a propensity for violence," and therefore "I consider him a serious threat to the safety of the community." The mere fact that charges involve violence does not, of itself, make an accused a serious threat to the safety of the community. Further, it is worth noting that the materials provided to the IRO included "Article 6b letters" from the deceased shipmate's family members. These four letters, properly included in the file, nevertheless provide no additional support for a confinement decision. Three of them clearly seek punishment for Petitioner's alleged offenses, which is prohibited at this stage. R.C.M. 304(f) ("Pretrial restraint is not punishment and shall not be used as such."). If the IRO's or Commanding Officer's determinations relied on those letters, such reliance was inappropriate.

Nevertheless, we need not reach the merits of this petition because, as the Government points out, it is "well established that one who believes he is wronged by a decision directing his confinement prior to trial, must pursue the remedy provided by Article 138, [UCMJ], prior to seeking the intervention of this Court pursuant to [the All Writs Act]." *Catlow v. Cooksey*, 44 C.M.R. 160, 162 (C.M.A. 1971).[1] There being no indication that Petitioner has pursued relief under Article 138, UCMJ, we will adhere to that precedent.

---

[1] The Coast Guard Military Justice Manual, COMDTINST M5810.1G (January 2019), addresses Article 138 complaints in Chapter 25. Paragraph 25.B.2.e lists as an improper subject of a complaint "Proceedings, findings, or final actions of nonjudicial punishment (NJP), court-martial, and officer, enlisted, and cadet administrative discharge procedures and results." We agree with the Government that because charges have not yet been referred, this provision does not preclude Petitioner from seeking redress from his Commanding Officers' decisions to keep him in pretrial confinement.

**Decision**

Accordingly, it is, by the Court, this 18th day of October, 2019,

ORDERED:

That Petitioner's motion for oral argument is denied.

That the petition for extraordinary relief is dismissed.



For the Court,


Sarah P. Valdes
Clerk of the Court


Copy:  Trial Defense Counsel
Trial Counsel
Appellate Government Counsel
Appellate Defense Counsel
Office of Military Justice